## WINCHESTER *v.* LOUD.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF MICHIGAN.

Decided March 19th, 1883.

*Circuit Court—Removal of Causes.*

*Hyde* v. *Ruble,* 104 U. S. 407, that " a suit cannot be removed from a State
court to the circuit court unless either all the parties on one side of the
controversy are citizens of different States from those on the other side, or
there is in such suit a separable controversy wholly between some of the
parties, who are citizens of different States which can be fully determined
as between them" adhered to.

This was a suit in equity, begun in a State court of Michigan,
by Henry M. Loud,, the appellee, a citizen of Michigan, against
Charles Winchester and Herbert F. Whiting, citizens of Mas-
sachusetts, and George E. Wasey, Henry N. Loud, and Aaron
F. Gay, citizens of Michigan, and removed to the Circuit Court
of the United States for the Eastern District of Michigan at
the instance of the defendant Winchester, on the ground, as
stated in the petition for removal, " that the principal contro-
versy in said suit is wholly between said plaintiff (Henry M.
Loud), and your petitioner (Winchester), who are citizens of
different States, and which controversy can be fully deter-
mined as between them, and that your petitioner is actually
interested in said controversy." When the copy of the record
was filed in the circuit court, that court remanded the suit to
the State court. From that order this appeal was taken.

*Mr. S. M. Cutcheon* for the appellant, after explaining at

length in a brief the controversies, and the relations of the parties to it and to each other, and the relief prayed for, continued.—I. Under the act of March 3d, 1875, 18 Stat., part 3, 470, the court will arrange the indispensable parties on opposite sides of the real matter in dispute according to the facts: *Removal Cases*, 100 U. S. 457; *Barney* v. *Latham*, 103 U. S. 205.—II. The plaintiff, in the third paragraph of his bill, alleges "That all of said lands, . . . either legally or equitably, belonged to your orator and said Aaron F. Gay, as partners and partnership property. That also the personal property of every name and kind belonged to your orator and said Gay as partners."—III. The whole aim and object of his suit is summed up in the following prayer for special relief: "That upon the payment to said Winchester of said $275,000 and interest, reconveyance be made to your orator and said Gay."—IV. The mere fact that Aaron F. Gay is placed in the bill as a defendant in this suit does not change his relation to the controversy in the case. *Board of Co. Comrs.* v. *Kansas Pac. R. R. Co. et al.*, 4 Dillon, 277.—V. The plaintiff and Aaron F. Gay are on the plaintiff's side of the first and second controversies. And they are citizens of the State of Michigan. The appellant Winchester is the only indispensable party to the other side of these controversies, and he is a citizen of the State of Massachusetts. Therefore upon the filing of the petition and bond by the appellant Winchester, the entire suit was removed to the Circuit Court of the United States. *Barney* v. *Latham*, 103 U. S. 205.—VI. The order of the Circuit Court of the United States, remanding this suit, should be reversed, with directions to reinstate the cause upon its docket, and proceed therein.

*Mr. A. T. Britton* and *Mr. J. H. McGowan* for appellee.

Mr. Chief Justice Waite delivered the opinion of the court.

The petition for removal was filed before answer, and we must look, therefore, to the bill alone to determine what the controversy is. From this it appears that Henry M. Loud claims that the defendants, Wasey, Henry M. Loud, and Whit-

ing, hold certain real and personal property in trust to secure a debt owing by him and the defendant Gay to the defendant Winchester, and after the debt is paid for the use and benefit of himself and Gay. He asks for an accounting by the trustees, the removal of Wasey and Whiting, and the appointment of others in their places; and after the debt is paid, a conveyance of what remains of the trust property in accordance with the terms of the trust. The case presents but a single controversy, although it involves the determination of several questions. It may be that Winchester is the principal defendant in interest, but full and complete relief cannot be afforded in respect to the single cause of action, to wit, the trust, without the presence of all the parties to the suit. According to the averments in the bill all the defendants, except Henry M. Loud, deny the existence of the trust, and if that should be established, all the defendants are directly interested in the relief that is asked. The case falls clearly within the rule stated in *Hyde* v. *Ruble*, 104 U. S. 407.

*The order remanding the suit is affirmed.*