NORTHERN PACIFIC TERMINAL Co. *v.* LOWENBERG and others.

*(Circuit Court, D. Oregon.   November 16, 1883.)*

1. PETITION FOR REMOVAL.
   When it appears, upon a petition for removal of a cause, that the same is removable upon the application of the petitioners under the second clause of section 2 of the act of 1875, it will not limit or restrain the effect or operation of such petition if the petitioners only ask the court therein to proceed no further "as to them."

2. PROCEEDING TO APPROPRIATE PROPERTY.
   A judicial proceeding to appropriate private property to the use of a railway corporation is subject to the usual incidents of a civil action or suit, including the liability to removal into the circuit court.

3. SEPARABLE CONTROVERSY.
   In an action against two or more persons to appropriate property held by them as tenants in common to the use of a railway corporation, there is a separable controversy between such corporation and each of said tenants, which can be fully determined as between them, and if either of such tenants is a cit-

izen of a different state from such corporation he may remove the whole case into the circuit court under the second clause of section 2 of the act of 1875.

4. IRREGULARITIES IN REMOVAL.

Although there are irregularities in the removal of a cause, still, if it appears from the record that it involves a controversy cognizable by the circuit court, a motion to remand to the state court will not be allowed.

5. AMENDMENT.

Whether the petition for removal can be amended in the circuit court, *quære.*

Action to Appropriate Property.

*Joseph Simon,* for plaintiff.

*M. W. Fechheimer,* for defendants.

DEADY, J. On April 17, 1883, the plaintiff commenced an action in the state circuit court for the county of Multnomah against the defendants, as the owners and possessors of a triangular-shaped piece of land, lying in the north-east corner of block 28, in Watson's addition to Portland, containing about 590 square feet, to appropriate the same to its use for railway purposes, under the provisions of the corporation act of Oregon. See Or. Laws, 533.

The complainant alleges that the plaintiff is a corporation formed and existing under the laws of Oregon, for the purpose, among other things, of constructing lines of railway from the depots, warehouses, and other terminal buildings of the Northern Pacific and other railway and navigation companies, in the northern part of Portland, to the east bank of the Wallamet river, southerly to East Portland and northerly to the dry dock, wharves, elevators, and coal bunkers of the Oregon Railway & Navigation Company, north of Albina; that the plaintiff is authorized by the act aforesaid to appropriate lands for this purpose, and that the use of said premises is necessary for the convenient construction and operation of its proposed lines of railway; that it is unable to agree with the defendants as to the value of said premises; and that on April 17, 1883, it tendered the defendants $500 in payment of the same.

On April 27, 1883, the defendants P. Goldsmith and Tillie Goldsmith, his wife, filed a verified petition in the state court for the removal of the cause to this court, accompanied with a bond in the penal sum of $1,000, executed with good and sufficient surety, and conditioned as required by law.

It appears from the petition that the matter and amount in dispute in the action, so far as the petitioners are concerned, exceeds in value the sum of $500, exclusive of costs; that the petitioners are citizens of the state of New York, while their co-defendants are citizens of Oregon, and that the land in question is owned by them in common.

The petitioners allege that in said action there is a controversy which is wholly between citizens of different states, to-wit, the plaintiff and the petitioners, and which can be fully determined as between them; and "they pray this honorable court that, as to your petitioners, to proceed no further herein, except to make the order of

removal required by law, and to accept the said surety and bond, and to cause the record herein to be removed into" this court. Accompanying this petition there was filed an affidavit of one of the attorneys of the petitioners, to the effect "that, from prejudice and local influence," the petitioners "will not be able to obtain justice in said court."

On July 19, 1883, it appearing to this court, from the petition of the attorney for the defendants, that said state court "refuses to order the removal of said cause and the record thereof to this court, and is now wrongfully proceeding therein," an order was made allowing a writ of *certiorari* to be issued, directed to said court, requiring it to forthwith send said record to this court, which was done on the day following.

On October 22, 1883, the plaintiff filed a motion "to dismiss" the cause from this court, for substantially the following reasons:

(1) That it does not involve a controversy within the jurisdiction of this court; (2) that it is not one in which there can be a final determination of the controversy, so far as it concerns the petitioners, without the presence of the other defendants, because it "is an action for the condemnation of land for railroad purposes, and an exercise of the right of eminent domain, and is incapable of severing without prejudice to other parties defendant;" (3) that it is not one between citizens of different states, and could not be removed unless all of the defendants could and did join in the application therefor; (4) that it is not one in which there is a controversy between citizens of different states, within the meaning of the constitution and acts of congress, so as to enable a part of the defendants to remove the same; and (5) that it cannot be removed as to the defendants petitioning therefor, and left in the state court as to the remaining defendants, as asked for by the petitioners in their application for removal.

This motion is in form a mistake. It should have been "to remand," and not "to dismiss." If an action is improperly brought here by removal from a state court, the proper remedy is a motion to remand. The words "dismiss" and "remand" are not used interchangeably or indiscriminately in section 5 of the act of 1875, (18 St. 472.) The former has reference only to a suit brought in the circuit court, and the latter to one removed there from a state court. In the one case, if it appears that the suit is not cognizable in the circuit court, it is dismissed; and in the other it is remanded to the state court.

Counsel for the plaintiff insists that the motion to dismiss is proper, and in support of his position refers the court to *Removal Cases*, 100 U. S. 467, where I find that the reporter, in the statement of the case, speaks of a motion "to dismiss" having been made in the court below and "overruled." This is probably an inadvertence of the reporter. But, however that may be, it is certainly no authority that a motion "to dismiss" will lie in such a case. But counsel has leave to amend, and the motion will be considered as one "to remand" the cause "to the court from which it was removed."

On the argument of the motion it was admitted by the counsel for

the defendants that the petition for removal was drawn without reference to the ruling in *Hyde* v. *Rubble*, 104 U. S. 407, and *King* v. *Cornell*, 106 U. S. 395; [S. C. 1 Sup. Ct. Rep. 312,] to the effect that the act of March 3, 1875, (18 St. 470,) repealed by implication the second subdivision of section 639 of the Revised Statutes on the subject of removal of causes.

The petition seems to have been drawn under said subdivision, and the affidavit of local prejudice under the third one. But this latter may be dismissed from further consideration. It is not a petition for removal at all, and if it was the petition of the Goldsmiths, the cause could not be removed upon it, because all the defendants or the persons interested on that side of the controversy therein were not citizens of another state than this when the action was brought. But if the facts stated in the petition are sufficient to authorize or cause the removal of the cause under the act of 1875, the motion cannot be allowed, unless the effect of the petition is to be limited in this respect by the fact that the petitioners only asked the court therein to proceed no further "as to them." But I do not think that this expression ought to have the effect to control or limit the legal effect of the facts stated in the petition, particularly when taken in connection with the general prayer that the court would "make the order of removal required by law."

The petitioners were seeking to have their controversy with the plaintiff removed to this court, and if they ignorantly or inadvertently only asked that so much of the action might be sent here, I do not think that is sufficient to prevent the removal of the whole of it, if such was the legal effect and operation of the facts stated. But while the petitioners did ask the court to proceed no further "as to them," they also, in effect, asked that such order of removal be made in the cause as the law applied to the facts stated would authorize and require, and this was plainly for the removal of the whole of the cause or none. See *Clark* v. *Chicago, M. & St. P. Ry. Co.* 11 Fed. Rep. 355.

There is nothing in the nature or purpose of this action to prevent its removal to this court. It is an action brought against the owners of private property for the purpose of obtaining the right to use it in the construction and operation of a railway, and at the same time ascertaining the value of such right or the amount that ought to be paid therefor. The statute under which it is brought provides, in effect, that it shall be commenced and proceeded in to final determination in the same manner as an ordinary action at law. The plaintiff's right to appropriate private property to its use and the money value of such use are in their nature proper subjects of judicial inquiry. And so it has been wisely provided that whenever a controversy arises between a corporation, like the plaintiff, and any one concerning such right or use, it may be determined in the usual way of disposing of like controversies—by an action at law. And

the mere fact that the plaintiff derives its right to appropriate private property to its use from the state in virtue of its right of eminent domain, is altogether immaterial. In granting this right to the plaintiff the state has seen proper to impose the condition that in case of a controversy between it and the owner of private property as to the right of appropriation, or the value thereof, that resort must be had to a judicial proceeding to determine it. And of course such proceeding, when instituted, is subject to the usual incidents of an ordinary action or suit, including the liability to removal. In this respect it stands in exactly the same category as an action of ejectment to recover the possession of the same premises. And so it has been expressly ruled by the supreme court in *Boom Co.* v. *Patterson*, 98 U. S. 404.

This is also a case in which there is a separable controversy between citizens of different states. The defendants are tenants in common of the property in question, and the interest therein of each is distinct from that of any other, and may be separately sold, conveyed, recovered, or appropriated. This being so, the case falls exactly within the second clause of section 2 of the act of 1875, providing for the removal of causes to the circuit courts. There is a controversy in it which is wholly between citizens of different states— the plaintiff and the Goldsmiths—which can be wholly determined as between them; and therefore the whole case can be removed here by either of the parties interested in such controversy. *Field* v. *Lownsdale*, 1 Deady, 293.

Besides, the case having been brought here, the question upon the motion to remand is not whether there are any irregularities in the proceedings for removal, but whether on the face of the record it satisfactorily appears that the action does not involve a controversy within the jurisdiction of this court. *Osgood* v. *Chicago, D. & V. Ry. Co.* 6 Biss. 335. That there is such a controversy in this case is too plain for argument; and therefore the right of the petitioners to have this cause remain within the jurisdiction of this tribunal for trial is clear beyond cavil or doubt.

The petitioners also filed a motion to amend the petition for removal so as to omit the words "as to your petitioners." According to the view I have taken of the case, these words are not material, and do not limit or control the legal effect of the petition. But the petitioners are entitled to make their application for removal as nearly correct as they can, so long as they do not thereby prejudice the right of the adverse party. Without, therefore, determining only *pro forma* the right to make the amendment or the effect of it, it is allowed.

The motion to remand is denied.