## COLORADO MIDLAND RY. CO. v. JONES and others.

*(Circuit Court, D. Colorado. November 30, 1886.)*

REMOVAL OF CAUSE—RAILROADS—COMPUTATION OF DAMAGES IN CONDEMNATION PROCEEDINGS.

When, in condemnation proceedings under state statutes, the only question remaining for determination is the computation of the value of the land, the parties being citizens of different states, the cause may be removed to the United States courts, notwithstanding the fact that the right of eminent domain is an attribute of sovereignty, and that the statutes provide a special mode of trial for the assessment of damages, since the amount of compensation for the land is entirely independent of the right of eminent domain.

Motion to Remand.

*Henry T. Rogers,* for complainant.

*Hugh Butler,* for respondents.

BREWER, J. This was a proceeding by the petitioner, the railway company, under the statute of this state, for the condemnation of a right of way through the lands belonging to the respondents. After the petition had been filed, and the summons issued and served, the respondents filed their petition and bond for removal to this court; and the question presented is whether that is a case of which this court has jurisdiction.

The right of eminent domain, as conceded, is one of the attributes of sovereignty. It is something which inures in the state by virtue of its sovereignty, and, except as limited by provisions in the state constitution, there is no question of the power of the state to take any land belonging to an individual which it may deem necessary for any public purpose. Being an attribute of sovereignty, it is one of those rights, the exercise of which cannot be questioned or challenged in the courts of any other jurisdiction. So far the authorities are all in accord. But the constitution of this as well as of other states provides that private property shall not be taken or damaged for public use without just compensation; and, when the right to take is asserted and adjudged, the question of compensation, a matter entirely independent of the right, still remains for determination. The legislature may provide under what circumstances and in what manner this compensation shall be determined, and, when it has provided that which is equivalent to a suit at law in which the only controversy remaining to be considered is the amount of compensation, there exists a suit,—a controversy,—which, under the removal act, may be removed to the federal courts, provided the citizenship of the parties justifies it. That right of removal has been affirmed in two cases in the supreme court, (*Boom Co.* v. *Patterson,* 98 U. S. 403, and *Union Pac. R. Co.* v. *City of Kansas,* 115 U. S. 1, S. C. 5 Sup. Ct. Rep. 1113;) so that the question in this case is narrowed to this: whether there was, at the time that this petition

and bond for removal were filed, such a proceeding pending as could be considered fairly a suit at law, and in which the whole matter of inquiry was the amount of compensation. If there was, then there was a suit which is removable; otherwise not.

Now, turning to the statutes, I find, in section 238, "that in all cases where the right to take private property for public or private use, without the owner's consent, * * * has been heretofore or shall hereafter be conferred by general law or special charter, * * * and the compensation to be paid for or in respect of the property sought to be appropriated or damaged, for the purpose above mentioned, cannot be agreed upon by the parties interested, * * * it shall be lawful for the party authorized to take or damage the property so required * * * to apply to the judge of the district or county court, either in term-time or vacation, by filing with the clerk a petition setting forth by references his or their authority in the premises," (and certain other matters,) "and praying such judge to cause the compensation to be paid to the owner to be assessed." That is, the question which is presented by that petition is simply as to the compensation to be paid to the owner. The right is already settled. It is a right which the legislature has granted either by special charter or general act; and the only question which upon that petition comes up for inquiry—perhaps the only question which can ever thereafter be considered—is that of compensation. When that petition is filed, a summons is issued and served upon the party as in other cases. At the day fixed for the hearing, which may be either in term-time or vacation, either before the court or before the judge, a commission of three persons is appointed, who assess and report the damages. There may be a jury at the demand of the owner of the property,—only on his demand.

Section 237 says: "Compensation shall be ascertained by a board of commissioners of not less than 3 freeholders, or by a jury when required by the owner of the property;" and section 243 provides that a person or company "whose estate or interest is to be affected by the proceeding may demand, at the time of any hearing of such petition, and before the appointment of the commissioners herein provided, a jury of six freeholders." That jury, when selected, take oath faithfully and impartially to discharge their duties. "At the request of either party they shall go upon the land sought to be taken or damaged, in person, and examine same, and shall then return into court, if the proceedings be in term-time, and, if in vacation, then before the judge; and the said court or judge shall proceed in the same manner and with like power as in other cases." Evidence shall be admitted or rejected by the court or judge according to the rules of law, and, "at the conclusion of the evidence, the matter in controversy may be argued by counsel to the jury, and at the conclusion of the arguments the court or judge shall instruct the jury in writing, in the same manner as in cases at law." The jury retire for delib-

eration. They agree upon a verdict. If they do not agree, another jury may be called, and the same proceedings repeated. "Any person, party, or corporation feeling aggrieved by any such verdict may move, before such court or judge, for a new trial in the same manner and for the same causes as in action at law, and the refusal of such court or judge to grant a new trial may be excepted to and assigned for error."

Other features of like nature are specially provided for; so that it seems to me the sum and substance is this: That the legislature has provided for a trial by which the amount of damages to be given shall be ascertained. It may be by a commission of three freeholders, or it must be, on the application of the party whose property is sought to be taken or damaged, by a jury of six persons. It may be in vacation; it may be in term-time; but all the elements of a judicial inquiry are provided for,—a tribunal, the right of either party to appear, to present its testimony, to have the questions passed upon by the court or judge, error taken and reviewed by the supreme court. Now, while it is true that, in some respects, this proceeding is not in accord with the ordinary proceedings for the trial of a cause,—as, for instance, there is no common-law jury,—yet that fact does not in any manner abridge or limit the proposition that here is a trial provided for, and a trial for the determination of the simple question of compensation. The proceedings assimilate very closely with the ordinary proceedings of a court at law; and it seems to me the case comes within the opinion of the supreme court in the two cases referred to.

Counsel for the railway company presented a case from West Virginia (*Baltimore & O. R. Co.* v. *Pittsburg, W. & Ky. R. Co.*, 17 W. Va. 812) that plainly recognizes the distinction I have noticed. There the question was whether the Baltimore & Ohio Railroad Company, alleged in the petition to be a foreign corporation, had a right to condemn property; and in a very elaborate opinion the court say, on page 866, after referring to the case of *Boom Co.* v. *Patterson, supra:*

"In this case [the *Boom Case*] the only question was as to the compensation to be paid to the owner of the land, and we can very well see how a controversy between citizens of different states upon this question might be removable to the federal court. As we have already seen, before the question of compensation can properly arise, the court must of necessity declare that the private property sought to be appropriated must be condemned. With the question of the appropriation of the land sought to be taken, the government of the United States, a separate sovereignty, unless it is the party seeking the condemnation, has nothing to do; and no foreign corporation can, in the courts of the United States, condemn the land of a citizen of a state for the use of such corporation; and, if the federal courts have not original jurisdiction for such purposes, a proceeding of that kind instituted in the state court cannot be removed to the federal courts, because the federal courts can under no circumstances have jurisdiction in such cases. The contrary doctrine would destroy every vestige of control which a state has over its internal affairs."

And referring to the case before them: "There the whole controversy was as to the right of the petitioner to appropriate the land in question."

I do not suppose that a state can, by making special provisions for the trial of any particular controversy, prevent the exercise of the right of removal. If there was no statutory limitation, the legislature could provide for the trial of many cases by less than a common-law jury, or in some other special way. But the fact that it had made such different and special provisions would not make the proceeding any the less a trial, or such a suit as, if between citizens of two states, could not be removed to the federal courts. If this were possible, then the only thing the legislature of a state would have to do to destroy the right of removal entirely, would be to simply change and modify the details of procedure. Courts have always looked beyond the mere form,—tried to go down to the substance; and if it is apparent that there is a controversy between citizens of two states, involving a mere question of money, they will hold that there is a removable suit; and no mere matter of detail in procedure established by the legislature can abridge that right to remove.

The motion to remand will be overruled.