## BELLAIRE *v.* BALTIMORE AND OHIO RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 38. Submitted November 4, 1892. — Decided November 14, 1892.

The petition of a city in a state court, against the lessor and the lessee of a parcel of land, to condemn it for the purpose of extending a street, cannot be removed into the Circuit Court of the United States upon the ground of a separable controversy between the lessee and the plaintiff.

THE case is stated in the opinion.

*Mr. J. A. Gallaher* for plaintiff in error.

*Mr. John K. Cowen, Mr. John H. Collins* and *Mr. Hugh L. Bond, Jr.,* for defendants in error.

MR. JUSTICE GRAY delivered the opinion of the court.

The original petition was filed May 5, 1887, in the court of common pleas for the county of Belmont and State of Ohio, under sections 2233–2238 of the Revised Statutes of the State, by the city of Bellaire, a municipal corporation of that State, against the Baltimore and Ohio Railroad Company, a corporation of Maryland, and the Central Ohio Railroad Company, a corporation of Ohio, to condemn and appropriate, for the purpose of opening and extending a street across the railroad tracks of the defendants, a strip of land about sixty feet wide and one hundred and sixty feet long, of which, the petition alleged, " said defendants claim to be the owners, legal and equitable," " but as to the proportionate interest of each of said defendants this plaintiff is not advised." Notice of the petition was issued to and served upon both defendants within the State of Ohio.

After the return day, and before trial, the case was removed into the Circuit Court of the United States for the Southern District of Ohio by the Baltimore and Ohio Railroad Company, which alleged that this defendant was in possession of the land in question under a lease from its codefendant, and that there was a controversy wholly between the plaintiff and this defendant and which could be fully determined as between them; and further alleged, on the affidavit of its agent, that from prejudice and local influence it would not be able to obtain justice in the courts of the State. The city of Bellaire moved to remand the case to the state court.

On July 5, 1887, the Circuit Court of the United States, as appears by its decision and order entered of record, overruled the motion to remand, upon this ground: "The Baltimore and Ohio Railroad Company has in this case a separate controversy, which is wholly between it and the city of Bellaire and which can be fully determined as between them. This is the question of the value of the leasehold interest of the Baltimore and Ohio Railroad Company in the land which the city seeks to appropriate. This interest is wholly apart from the interest of the Central Ohio Railroad Company in the fee, and entitles the Baltimore and Ohio Railroad Company to a separate verdict."

The case was afterwards tried by a jury, and a verdict returned upon which judgment was rendered for the Baltimore and Ohio Railroad Company. The city of Bellaire sued out this writ of error, assigning errors in the denial of the motion to remand, and in sundry rulings and instructions at the trial.

Under the act of Congress in force at the time of the removal of this case and of the refusal to remand it, prejudice and local influence which would prevent the party removing it from obtaining justice in the state court must be proved to the satisfaction of the Circuit Court of the United States, if its jurisdiction is to be supported on that ground. Act of March 3, 1887, c. 373, § 2, 24 Stat. 552; *Pennsylvania Co., Petitioner,* 137 U. S. 451, 457; *Fisk* v. *Henarie,* 142 U. S. 459, 468.

In the case at bar the question of prejudice and local influence appears not to have been insisted on or considered in the

Circuit Court. But that court refused to remand the case, solely because in its opinion there was a separable controversy between the petitioning defendant and the original plaintiff.

In this the Circuit Court erred. The object of the suit was to condemn and appropriate to the public use a single lot of land, and not (as in *Union Pacific Railway* v. *Kansas*, 115 U. S. 2, 22, cited by the defendant) several lots of land, each owned by a different person. The cause of action alleged, and consequently the subject-matter of the controversy, was whether the whole lot should be condemned; and that controversy was not the less a single and entire one, because the two defendants owned distinct interests in the land, and might be entitled to separate awards of damages. *Kohl* v. *United States*, 91 U. S. 367, 377, 378. The ascertaining of those interests, and the assessment of those damages, were but incidents to the principal controversy, and did not make that controversy divisible, so that the right of either defendant could be fully determined by itself, apart from the right of the other defendant, and from the main issue between both defendants on the one side and the plaintiff on the other. *Fidelity Ins. Co.* v. *Huntington*, 117 U. S. 280; *Graves* v. *Corbin*, 132 U. S. 571, 588; *Torrence* v. *Shedd*, 144 U. S. 527, and other cases there cited.

The judgment of the Circuit Court, therefore, must be reversed for want of jurisdiction, with costs against the Baltimore and Ohio Railroad Company, and with directions to award costs against it in that court, and to remand the case to the state court.

*Judgment reversed accordingly.*