POSTAL TEL. CABLE CO. v. SOUTHERN RY. CO.

SOUTHERN RY. CO. v. POSTAL TEL. CABLE CO.

(Circuit Court, W. D. North Carolina. July 20, 1898.)

1. REMOVAL OF CAUSES—EFFECT OF FILING PETITION AND BOND.
    On the filing of a petition in the state court stating the essential **facts** for removal, accompanied by a proper bond, the cause is ipso facto removed, and the state court can take no further action.

2. SAME—JURISDICTIONAL AMOUNT.
    The question whether an amount is involved sufficient to support the jurisdiction of the federal court must be determined by the federal court alone, and not by the state court.

3. SAME.
    In a proceeding to condemn a right of way, where defendant in his petition for removal averred that the matter in controversy far exceeded $2,000 in value, and the plaintiff claimed that it was of merely nominal value, *held*, that the court would be governed, as in other cases, by the amount of the claim made, in the absence of any reason to believe that it had no bona fide existence, and was only made to secure the jurisdiction.

A. L. Brooks and J. R. McIntosh, for plaintiff.
Stiles & Holladay and F. H. Busbee, for defendant.

SIMONTON, Circuit Judge. These two cases came up together under these circumstances: The Postal Telegraph Cable Company entered proceedings in the superior court of Guilford county, in the state of North Carolina, seeking to condemn the right to erect its poles and stretch its wires over and along the right of way of the Southern Railway in North Carolina. The petition, among other things, alleged the intention of the Postal Telegraph Cable Company to erect its poles and stretch its wires very near the outer limits of the right of way of the railway company, so as in no wise to interfere with its use of its track, and if, in any case, it should hereafter appear that any of the said poles were obstructing such use, that the telegraph company would remove them at its own expense, on reasonable notice. Upon the institution of these proceedings the Southern Railway Company filed its petition for removal of the case into this court, relying upon two distinctly stated facts,—the diversity of citizenship between it and the telegraph company, and that the matter in dispute exceeded $2,000, besides interest and costs. The petition was accompanied by a bond with surety. Application having been made to the state court immediately upon the filing the petition and bond, an order of removal was refused upon the ground solely that the matter in dispute was not of a value exceeding $2,000. The next day after this refusal the Southern Railway filed a transcript of the record in this court. On the same day the Postal Telegraph Cable Company moved before the state court for leave to amend its proceedings for the purpose of making new parties. This motion was refused because made in the absence of, and without notice to, the defendant's attorney. Because of this, and the fear of other motions, the Southern Railway Company filed its bill, setting forth the facts stated above, and praying that the Postal Telegraph Cable Company be enjoined from seeking to proceed any farther in the state court, inasmuch as the cause had been removed into this court. This is the second cause mentioned in the title above set forth. It comes up on the return to the rule issued on filing the bill requiring cause to be shown why an injunction should not issue as prayed for. The return, after disclaiming all knowledge that the cause had been removed into this court, and disavowing all want of respect thereof, rests upon the position that this court cannot entertain the case, as the value of the matter in dispute is less than $2,000. As precisely the same question is made in the removal case, and as the two cases are closely connected with each other, it was determined to hear argument, with the understanding that the conclusion reached would dispose of both cases.

The controlling question in this matter, then, is, is the proceeding in the superior court of Guilford county a proper case for removal into this court?. It is not questioned that that proceeding is a suit. Nor can there be any doubt on this point. Kohl v. U. S., 91 U. S. 367; Searl v. School Dist., 124 U. S. 199, 8 Sup. Ct. 460; Martin's Adm'r v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533. It is a suit between citizens of different states; the Postal Telegraph Cable Company being a corporation of the state of New York, and the Southern Railway Company being a corporation of the state of Vir-

ginia. The petition for removal, with proper bond, was filed before the time for answering had expired. This petition averred the two jurisdictional facts: (1) The diversity of citizenship; (2) that the matter in controversy exceeded the value of $2,000, exclusive of interest and costs. Upon the truth of these facts, of both of them, depends the right of removal. Powers v. Railway Co., 169 U. S. 99, 18 Sup. Ct. 264. Issue was joined upon one of these facts,—the jurisdictional amount; and the superior court, inadvertently it is sure, passed upon that issue. It could be decided nowhere but in this court. Carson v. Hyatt, 118 U. S. 279, 6 Sup. Ct. 1050; Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030; Railway Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262; Railroad Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306. This being the case, and the petition on its face stating the two essential facts for removal, the case was ipso facto removed, and the state court could proceed no further, upon the filing of the petition and bond; that is, just so soon as they were filed. Gordon v. Longest, 16 Pet. 97; Insurance Co. v. Dunn, 19 Wall. 214; Kern v. Huidekoper, 103 U. S. 485; Railroad Co. v. Koontz, 104 U. S. 5; Act Cong. March 3, 1875 (18 Stat. 470). It is very clear, therefore, that the state court could have taken no other action in this cause from the date of the filing of the petition and bond, and that the efforts of the plaintiff in the state court to procure orders from that court were coram non judice, and very properly refused.

The grave question made here is upon remanding this cause to the state court. It is contended that this court has no jurisdiction, because of the amount of the matter in controversy; that being less than $2,000. It has been contended with great ability and eloquence that in the present case the Postal Telegraph Cable Company seeks to erect its poles on the right of way of the railway company, which has already been dedicated to a public use; that it is confined to the public use; that, therefore, in estimating the compensation to be paid the railway company the same rule cannot be followed which obtains in the condemnation of the property of a private person; that such private person holds his property, and can put it to any use, and compensation for taking it must be measured accordingly; the railway company holds its property for a public use only, and its compensation must be measured only by the interference with its performance of its public duty, growing out of the public use; that the petition declares an intent in no way to interfere with this public use, and so the compensation to the railway company for putting up the poles and stretching the wires must be nominal. Strong as this line of argument is, and however convincing under other circumstances, it does not apply to the question now at issue. That question is, must this case be remanded? The answer to this question depends upon the matter in controversy. What is the matter in controversy? The compensation to be allowed to the railway company for the erection of the poles and the stretching of the wires by the telegraph company. The latter alleges that this compensation should be nominal. The former alleges that it should greatly exceed $2,000. The question is, does it exceed $2,000? On this question the petition of the plain-

tiff in the state court and that of the defendant for removal differ, and on it the issue is joined.    Says the supreme court in Smith v. Adams, 130 U. S. 168, 9 Sup. Ct. 569:

"By this phrase, 'matter in dispute,' as used in the statutes conferring jurisdiction on this court, is meant the subject of litigation, the matter upon which the action is brought and issue is joined, and in relation to which, if the issue is one of fact, testimony is taken; and its pecuniary value may be determined, not only by the money judgment prayed, but in some cases by the increased or diminished value of the property directly affected by the relief prayed, as by the pecuniary result to one of the parties immediately from the judgment."

See, also, Security Co. v. Gay, 145 U. S. 127, 12 Sup. Ct. 815; City of Clay Center v. Farmers' Loan & Trust Co., 145 U. S. 224, 12 Sup. Ct. 817.

In estimating the amount of the matter in controversy, the court is governed by the claim made, provided that there is no reason to believe that the claim has no bona fide existence, and is only made to secure jurisdiction.   Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501.   Then this is the mode of ascertaining the amount of the matter in controversy, and it being claimed on the one side that it greatly exceeds $2,000, and wholly denied on the other, the determination of this issue gives this court jurisdiction.   The issue must be tried in accordance with the law of North Carolina in such case made and provided, and on the trial of the issue will come up the points so ably presented by counsel at bar.   Let an order be entered in the equity cause continuing the restraining order until the further order of this court.   Let an order be entered refusing to remand the cause removed.