## ALABAMA POWER CO. v. GREGORY HILL GOLD MINING CO. et al.

(District Court, M. D. Alabama, E. D., at Opelika. May 7, 1925.)

1. **Removal of causes** ⚖️5—**Action commenced by state process, such as attachment, is removable to federal court.**

When requisite diversity of citizenship exists and matter in controversy exceeds jurisdictional amount, action commenced by state process, such as attachment, in state court, can be removed, even in case where writ could not have been originally issued from federal court.

2. **Removal of causes** ⚖️4—**Condemnation proceeding on notice held removable from state to federal court.**

Though proceeding for appraisal of land by condemnation commissioners appointed ex parte is usually regarded as administrative and not removable to federal court, where application for order of condemnation is on notice and may be opposed, proceeding is removable.

3. **Removal of causes** ⚖️49(1)—**Rule as to removal for diversity of citizenship, stated.**

Action by one plaintiff against several defendants, not because they claim any joint interest or are subject to joint liability, but merely for convenience and capable of being re-

solved into separate controversies between plaintiff and defendants who are citizens of different states, which controversies can be fully determined without other parties to original proceedings, is removable to federal court.

**4. Removal of causes ⊛⟩49(1)—Controversy between petitioner in condemnation proceedings and owner of land held separate from controversy with owner of timber for purposes of removal to federal court.**

Controversy between petitioner in condemnation proceeding and corporate owner of land, which was citizen of another state, was separate from controversy with owner of timber, who was citizen of same state as petitioner, and was removable to federal court; conveyance of timber separate from land amounting to constructive separation from land.

Condemnation proceeding by the Alabama Power Company against the Gregory Hill Gold Mining Company and others. On motion to remand cause to state court. Motion denied.

W. Logan Martin, of Birmingham, Ala., for Alabama Power Co.

W. M. Toomer, of Jacksonville, Fla., for Gregory Hill Gold Mining Co.

CLAYTON, District Judge. This proceeding was instituted by the Alabama Power Company, an Alabama corporation, in the probate court of Tallapoosa county, Ala., under the state statute for the condemnation of a large number of separate tracts of land, and water rights, separately owned by a large number of persons, all made defendants.

One of the defendants, the Gregory Hill Gold Mining Company, a Florida corporation, removed the controversy between it and the Alabama Power Company into this court. The amount involved exceeds the sum or value of $3,000, exclusive of interest and costs. The controversy here is between the Alabama corporation and the Florida corporation, citizens of different states, and is a separate and distinct controversy from that between the Alabama Power Company and all the other defendants in said proceeding. The cause is now submitted on the motion to remand upon the ground that there is not a diversity of citizenship between the Alabama Power Company and all of the parties interested in the property sought to be condemned—about 309, owning the 225 separate tracts of land.

The controversy to which the motion relates is between the Alabama Power Company, hereafter called the Power Company, and the Gregory Hill Gold Mining Company, hereafter referred to as the Mining Company, which owns two of certain tracts of land described in the original petition for condemnation. But the timber standing on such tracts of land was conveyed several years ago to L. J. Finch, a citizen of Alabama, and is now owned by him.

The motion is bottomed upon the proposition that there is an indivisible or community of interest in this property and timber as between the Mining Company and Finch, a citizen of Alabama.

In opposition to the motion, it is urged that the Mining Company and Finch each own separate and distinct interests in the property sought to be condemned; that the right to condemn the land of the Mining Company presents a distinct controversy from the right to condemn the timber thereon owned by Finch; and that damages for the land and the timber sought to be condemned may be separately and severally fixed and awarded.

[1] It is settled that when the requisite difference of citizenship exists and the matter in controversy exceeds the jurisdictional amount, an action, although commenced by state process, e. g., attachment, in the state court, can be removed, even in case where the writ could not have been originally issued from the federal court. Crocker Nat. Bank v. Pagenstecher (C. C.) 44 F. 705; Vermilya v. Brown (C. C.) 65 F. 149; Long v. Long (C. C.) 73 F. 369.

[2] It is true that while a proceeding for the appraisal of land by commissioners when their appointment is made ex parte is usually regarded as of administrative nature and not removable, where application for order of condemnation is made upon notice, as is the case here, and may be opposed, the proceeding is removable. N. Pac. Term. Co. v. Lowenberg (C. C.) 18 F. 339 (under Or. Stat.); Mineral Range R. Co. v. Detroit & L. Superior Cotton Co. (C. C.) 25 F. 515 (under Mich. Stat.); Col. Mid. Ry. Co. v. Jones (C. C.) 29 F. 193 (under Col. Stat.); Banigan v. Worcester (C. C.) 30 F. 392 (under Mass. Stat.); K. C. & Tr. R. Co. v. Interstate Lumber Co. (C. C.) 37 F. 3 (under Mo. Stat.); Sugar Creek, P. B. & P. C. R. Co. v. McKell (C. C.) 75 F. 34 (under W. Va. Stat.); Postal Tel. Cable Co. v. Southern Ry. Co. (C. C.) 88 F. 803 (under N. C. Stat.); Union Term. Ry. Co. v. Chicago, B. & Q. R. Co. (C. C.) 119 F. 209 (under Mo. Stat.); Searl v. School Dist., 124 U. S. 197, 8 S. Ct. 460, 31 L. Ed. 415 (under Col. Stat.).

In the Searl Case, above, page 199, 8 S. Ct. 461, it is declared that, "In Gaines v.

Fuentes, 92 U. S. 10, it was held that a controversy between citizens is involved in a suit whenever any property or claim of the parties capable of pecuniary estimation is the subject of litigation and is presented by pleadings for judicial determination."

It is also said in that case, pages 199-200, 8 S. Ct. 461, that: "The appointment of the commissioners is not, as in the case of Boom Co. v. Patterson [98 U. S. 403, 406] and the Pacific Railroad Removal Cases [115 U. S. 1, 18], a step taken by the party seeking to make the appropriation ex parte and antecedent to the actual commencement of the adversary proceeding inter partes, which constitutes a suit in which the controversy takes on the form of a judicial proceeding. Because under the Colorado law the appointment of the commissioners is a step in the suit after the filing of the petition and the service of summons upon the defendant. It is an adversary judicial proceeding from the beginning. The appointment of commissioners to ascertain the compensation is only one of the modes by which it is to be determined. The proceeding is, therefore, a suit at law from the time of the filing of the petition and the service of process upon the defendant."

This case falls within such rule.

[3] There is a well-understood distinction between separable controversies as contemplated by the removal statute, and separate and entirely distinct controversies which may be joined in one proceeding by express statutory permission. In the latter cases nothing will be removed except the controversy between the removing party and the plaintiff. That is the case here. Deep Water Ry. Co. v. Western Coal and Lumber Co. (C. C.) 152 F. 824. And a case is removable if it can be separated into parties so that a controversy will be presented wholly between citizens of different states which can be fully determined without the presence of the other parties to the original proceeding. Gardner v. Brown, 21 Wall. 36, 22 L. Ed. 527. And that is also the case now presented. No reason for convenience of pleading or practice occurs to show that any other defendant or any other interest must be represented in this proceeding in the federal court in order to condemn the lands owned by the non-resident defendant. For it is a general rule that where an action is brought by one plaintiff against several defendants, not because they claim any joint interest or are subject to any joint liability in the action, but merely for convenience, and the cause is capable of being resolved into separate and distinct controversies between the plaintiff and the defendants, it is therefore removable. Bates v. Carpentier (C. C.) 98 F. 452, 454.

[4] Here it is shown that the lands of the Mining Company are separately described and alleged to belong to such company. And the timber on such lands is in terms alleged to belong to Finch, a citizen of Alabama. So it may be said that Finch is made one of the defendants in the proceeding, which is not brought against the defendants jointly or jointly and severally, but severally. The Mining Company solely owns, and is interested in, the lands described in the petition as belonging to it. The Mining Company does not own the timber, but Finch does own the timber and no more, as shown by the pleadings. There is no joint or indivisible interest in the land, and there is no joint or indivisible interest in the timber. It is true that while land is not timber, timber partakes of the nature of realty until it has been severed from the land; but it is also true, since the Mining Company is alleged to be the landowner and Finch the timber owner, that there has been a sale of the timber or disposition made of it so that there may be said to have been a constructive separation of the timber and the land so far as the rights of the parties to this controversy are concerned.

It is my judgment that a controversy is presented by the Mining Company wholly separate and distinct from the controversy between the Power Company and Finch and the other defendants, and that therefore the cause of the Mining Company was authoritatively removed to this court.

After examination I am of opinion that City of Bellaire v. B. & O. Ry. Co. and Central O. Ry. Co., 146 U. S. 117, 13 S. Ct. 16, 36 L. Ed. 910, does not support the motion to remand. In that case there was shown merely an indeterminate community of interest among the defendants, described in the words. "'Said defendants claim to ¹ ⸴ the owners, legal and equitable,' 'but as ⸴ʳ the proportionate interest of each of said defendants this plaintiff is not advised.'" There the land was owned by the Central Ohio Railroad Company, and in the land within the fee-simple estate was the leasehold estate of the Baltimore & Ohio Railway Company. In the case before me the petition shows that the Mining Company owns the land, and Finch the timber. Nor do I think that Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726, 36 L. Ed. 528, is an authority in point. That was a suit for

partition of land, brought by Torrence against Shedd, Brown, and 90 others. It was for the partition of a tract of land, Torrence claiming an undivided one-third interest. The removal, held to be erroneous, was by the plaintiff and one of the defendants, Brown, who alleged that by reason of Sorin's intervention and appearance, answer and cross-bill, a separate controversy was presented between citizens of different states which could be fully determined as between them in the state court. That case is no more than a reaffirmation of the doctrine that in order to justify the removal on the ground of a separate controversy between citizens of different states, the whole subject-matter of the suit must be capable of being finally determined as between them and complete relief afforded as to the separate cause of action without the presence of others originally made parties to the suit. The court held that "the suit could not be determined as between them without the presence of the other defendants." Such state of facts does not exist in this case. This motion must be denied if there exists in the suit a separate and distinct cause of action against the Mining Company on which a separate and distinct suit might properly have been brought and complete relief afforded in that cause. Fraser v. Jennison, 106 U. S. 191, 1 S. Ct. 171, 27 L. Ed. 131; Winchester v. Loud, 108 U. S. 130, 2 S. Ct. 311, 27 L. Ed. 677; Hyd v. Ruble, 104 U. S. 407, 26 L. Ed. 823.

Lomax v. Foster Lumber Co., 174 F. 959, 99 C. C. A. 463, can have no influence on this case. There it was apparent that Perry and the Trinity Lumber Company, both residents of Texas, were proper and necessary parties to the cause, and that no separable or separate controversy was shown by the pleadings to exist between them and the Foster Lumber Company, which was capable of complete or partial determination in their absence. Here the Power Company and the Mining Company have presented a controversy which is capable of being finally and fully determined as between them and complete relief afforded in the separate cause of action without the presence of the others made parties in the original suit. Wilson v. Oswego Township, 151 U. S. 56, 67, 14 S. Ct. 259, 38 L. Ed. 70; U. S. Comp. Stat. vol. 1, § 1011, and notes; Removal of Causes (Lewis) §§ 173, 175. And in the Lomax Case it is noted that the Texas Statute cited, page 964, did no more than authorize the plaintiff in cases of that character to join as defendant with the person in possession or any other person who as landlord, re-

mainderman, reversioner, or otherwise claimed title to the property adversely to the plaintiff. Now here no one claims adversely to the Power Company, and the Mining Company alone claims in its own right the full fee in the land, without the timber which has been separated therefrom constructively by its prior disposition to Finch.

As I have indicated, the controversy here is wholly between citizens of different states, the Alabama Power Company, a citizen of Alabama, and the Gregory Hill Gold Mining Company, a citizen of Florida, and which can be fully determined as between them; and, therefore, removal of the suit as between these two parties into this court was proper.

Accordingly, the motion to remand must be denied.