99 F.2d 513 (1938)
TOLBERT
v.
JACKSON et al.[*]
No. 8877.
Circuit Court of Appeals, Fifth Circuit.
November 9, 1938.
O. C. Hancock and John H. Hudson, both of Atlanta, Ga., for appellant.
E. Smythe Gambrell and Ralph R. Quillian, both of Atlanta, Ga., for appellees.
Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.
HOLMES, Circuit Judge.
The appellant and one of the appellees are citizens of Georgia; the other appellee, Hertz Driv-Ur-Self Stations, is a corporation organized under the laws of Delaware. Originally filed in the state court, this cause was removed to the federal court, a motion to remand overruled, trial had, and separate judgments entered as to each appellee. Feeling aggrieved in each instance, appellant sued out this appeal and assigns various errors. The only one we need to consider is that the cause should have been remanded to the state court.
This is an action for the wrongful death of appellant's husband, who was fatally injured, at a street crossing, when hit by an automobile which was being negligently operated by a drunken driver. Alleging that the driver was drunk when he rented the car, she sued him jointly with *514 the other appellee, charging that, when the car was let, the Driv-Ur-Self Stations knew, or should have known, his drunken condition. We apply the state law to the well-pleaded facts alleged in the plaintiff's declaration or complaint to determine whether a joint cause of action is stated, and in analyzing the constituent elements thereof; but we look to the federal statutes and decisions to determine whether the suit contains a separable controversy which authorizes removal by one or more of the defendants.
There is no question of a fraudulent joinder of the resident defendant for the purpose of defeating removal. The sole ground of removal stated in the petition is that only a charge of negligent driving is made against the resident, and only a charge of negligent hiring is set forth against the non-resident. We need not waste words to show that, upon the pleadings, the drunken driver's negligence was a direct and proximate cause of the injury. The real question is whether the alleged negligent hiring was a separable controversy fully determinable between citizens of different states. That it was a direct and proximate cause which materially contributed to the injury is clear. In Crisp v. Wright, 56 Ga.App. 338, 192 S.E. 390, the court said [page 391]: "Where a person, with knowledge that another person is under the influence of intoxicating liquor, and not in a condition safely to operate an automobile, intrusts the automobile to such person to be operated along the public streets, he is liable in damages for that person's negligent operation of the automobile due to his drunkenness. Nu Grape Bottling Co. v. Knott, 47 Ga.App. 539, 171 S.E. 151."
The gist of the bailor's negligence in this case consists in putting a dangerous instrumentality into the hands of a drunken and irresponsible person for a purpose palpably and essentially attended with peril. There was unity of purpose between appellees in intending that an intoxicated driver should operate the car upon the streets of Atlanta. They negligently created the harmful hazard. They acted in concert by setting in operation a single destructive force which produced the injury. The ordinary man would have foreseen some harm from this letting, and the appellees should have done so. Actual or constructive knowledge of the intoxication of the driver is an ingredient of the bailor's negligence. As to the bailee, intoxication is no defense for his wrongful conduct. His negligence began with the bailment and culminated in the fatal accident.
The driving was continuous, with only such brief stops as might reasonably have been foreseen. The negligent acts of bailor and bailee were continuing and concurrent as to time and place because, knowing that it would be operated upon the streets of a city by an intoxicated person, they jointly set in motion a heavy and powerful machine which they knew, or should have known, would probably cause injury to someone. They are held to have foreseen what the ordinary man would have foreseen under similar circumstances. The appellant might have sued them separately, but she has chosen to sue jointly, and, while their separate defenses may be separately pleaded, they are not at liberty to make several an action which the appellant has elected to make joint. The fact that, under the law, separate judgments may be entered in a joint cause of action does not create a separable controversy.
Differing from fraudulent joinder, there can be no separable controversy in a suit unless more than one cause of action is alleged. The statute deals specially with a controversy which is wholly between citizens of different states and which can be fully determined as between them. 28 U.S.C.A. § 71. The implication is inescapable that there must be another controversy in the same suit which otherwise would not be removable. To strengthen this view, the history of the act will be sketched later herein. In this case there is but one claim, one ground of suit, one reason for process, one cause of action, one occasion for damages: it is the wrongful death of appellant's husband. This is denominated in the Georgia statute an action for homicide. So far as appellant is concerned, there is one action based upon the violation of a single right.
The resident defendant has a common ground of defense with the non-resident as to the fact and extent of intoxication, as to the negligent driving, and as to the identity of the car that struck the deceased. There is unity of interest in each of these defenses and in the amount of damages claimed. The non-resident has a separate defense as to the negligent hiring of the car to an intoxicated person with knowledge of his intoxication, but it is not a controversy wholly *515 between citizens of different states, and which can be fully determined as between them. Taken by itself, it is not a controversy at all, because no injury was done, no cause of action arose, until the accident happened. The hiring with knowledge of his intoxication is but one issue in the controversy, but one element or constituent of the cause of action against the non-resident. The other elements and the amount claimed are common to both appellees, one of whom is a resident of the same state as appellant. These connecting, constituent elements unite the controversy into a joint cause of action at the option of appellant. If separate suits were filed, there could be but one recovery awarding full damages; and a partial recovery would have to be credited on any subsequent claim for damages. What appellant wants is not partial relief but full compensation. The remedy which she seeks requires the presence of both tort-feasors.
Furthermore, the bailee was a party to the bailment and was jointly negligent in obtaining the car for use while intoxicated. The fact of intoxication is an ingredient of the negligent hiring common to both. Upon the issue of knowledge, the bailor has a defense not available to the bailee; but separate defenses to a joint cause of action do not create a separable controversy. In order for such controversy to exist, the severable cause of action, wholly between citizens of different states, must be distinct from, disconnected with, and independent of the cause of action between citizens of the same state, and the elements of negligence constituting the separate controversies must be non-concurrent in causing the injury. This is clarified by reference to a history of the legislation. From 1789 to 1866, a separable controversy was not ground for removal. The act of 1866, 14 Stat. 306, 28 U.S.C.A. § 71 note, in express terms, authorized removal only of the separable controversy, leaving the remainder of the suit in the state court. The act of 1875, § 2, 18 Stat. 470, provided for removal of the entire suit, and there has been no change since that time in this provision.
There seems to be no decision by the Supreme Court upholding removal on the ground of separable controversy in an action for death or personal injuries. In such instances, removal on this ground uniformly has been denied by the federal court of last resort, which recognizes a distinction between a suit within which is a separable controversy wholly between citizens of different states and a joint or several action which the plaintiff has elected to make joint. The following are cases, other than for death or personal injuries, in which removal was upheld, and which are illustrative of suits involving a separable controversy: Yulee v. Vose, 99 U.S. 539, 25 L.Ed. 355; Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Mitchell v. Smale, 140 U.S. 406, 11 S.Ct. 819, 840, 35 L.Ed. 442;[1] Connell v. Smiley, 156 U.S. 335, 15 S.Ct. 353, 39 L.Ed. 443;[2] Geer v. Mathieson Alkali Works, 190 U.S. 428, 23 S.Ct. 807, 47 L.Ed. 1122; Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144;[3] City of Gainesville v. Brown-Crummer Co., 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781.
Removal on the ground of separable controversy was denied in the following cases, many of which were for death or personal injuries: Hyde v. Ruble, 104 U. S. 407, 26 L.Ed. 823; Corbin v. Van Brunt, 105 U.S. 576, 26 L.Ed. 1176; Fraser v. Jennison, 106 U.S. 191, 1 S.Ct. 171, 27 L.Ed. 131; Winchester v. Loud, 108 U.S. 130, 2 S.Ct. 311, 27 L.Ed. 677; Shainwald v. Lewis, 108 U.S. 158, 2 S.Ct. 385, 27 L.Ed. 691; Ayres v. Wiswall, 112 U.S. 187, 5 S. Ct. 90, 28 L.Ed. 693; Central Railroad Co. of New Jersey v. Mills, 113 U.S. 249, 5 S.Ct. 456, 28 L.Ed. 949; Louisville & Nashville R. R. Co. v. Ide, 114 U.S. 52, 5 S.Ct. 735, 29 L.Ed. 63; Putnam v. Ingraham, 114 U.S. 57, 5 S.Ct. 746, 29 L.Ed. 65; St. Louis, etc., Ry. Co. v. Wilson, 114 U.S. 60, 5 S.Ct. 738, 29 L.Ed. 66; Pirie v. Tvedt, 115 U.S. 41, 5 S.Ct. 1034, 1161, 29 L.Ed. 331; Starin v. New York, 115 U.S. 248, 6 S.Ct. 28, 29 L.Ed. 388; Fletcher v. Hamlet, 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679; Sloane v. Anderson, 117 U.S. 275, 6 S.Ct. 730, 29 L.Ed. 899; Fidelity Ins. Co. *516 v. Huntington, 117 U.S. 280, 6 S.Ct. 733, 29 L.Ed. 898; Core v. Vinal, 117 U.S. 347, 6 S.Ct. 767, 29 L.Ed. 912; Stone v. South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L. Ed. 962; Plymouth Mining Co. v. Amador Canal Co., 118 U.S. 264, 265, 6 S.Ct. 1034, 30 L.Ed. 232; Little v. Giles, 118 U.S. 596, 7 S.Ct. 32, 30 L.Ed. 269; East Tennessee, etc., R. Co. v. Grayson, 119 U.S. 240, 7 S. Ct. 190, 30 L.Ed. 382; Brooks v. Clark, 119 U.S. 502, 7 S.Ct. 301, 30 L.Ed. 482; Thorn Wire Hedge Co. v. Fuller, 122 U.S. 535, 7 S.Ct. 1265, 30 L.Ed. 1235; L. & N. R. R. Co. v. Wangelin, 132 U.S. 599, 10 S.Ct. 203, 33 L.Ed. 474; Graves v. Corbin, 132 U.S. 571, 10 S.Ct. 196, 33 L.Ed. 462; Kansas City Railroad v. Daughtry, 138 U.S. 298, 11 S.Ct. 306, 34 L.Ed. 963; Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528; Bellaire v. Baltimore & Ohio Railroad Co., 146 U.S. 117, 13 S.Ct. 16, 36 L. Ed. 910; Wilson v. Oswego Township, 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70; Whitcomb v. Smithson, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303; Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Chesapeake & Ohio Ry. Co. v. Dixon, 179 U.S. 131, 21 S.Ct. 67, 45 L.Ed. 121; Gableman v. Peoria, etc., Ry. Co., 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220; Kansas City Suburban Belt Ry. Co. v. Herman, 187 U.S. 63, 23 S.Ct. 24, 47 L. Ed. 76; Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Cincinnati, N. O. & T. P. Ry. v. Bohon, 200 U.S. 221, 26 S.Ct. 166, 50 L.Ed. 448, 4 Ann.Cas. 1152; Fritzlen v. Boatmen's Bank, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551;[4] Lathrop, Shea & Henwood Co. v. Interior Construction Co., 215 U.S. 246, 30 S.Ct. 76, 54 L.Ed. 177; Illinois Central R. Co. v. Sheegog, 215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208;[5] Southern Ry. Co. v. Miller, 217 U.S. 209, 30 S.Ct. 450, 54 L.Ed. 732;[6] Chicago, Burlington & Quincy v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521;[7] Chicago, R. I. & P. Ry. Co. v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; Chicago, R. I. & P. Ry. Co. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090;[8] Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; American Car & Foundry Co. v. Kettlehake, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594; Chicago, R. I. & P. Ry. Co. v. Whiteaker, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360; McAllister v. Chesapeake & Ohio Ry. Co., 243 U.S. 302, 37 S.Ct. 274, 61 L.Ed. 735; Chicago & Alton Railroad v. McWhirt, 243 U.S. 422, 37 S.Ct. 392, 61 L.Ed. 826; Hay v. May Department Stores, 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965.
In some of the authorities, it is difficult to ascertain the true basis of decision, owing to confusion in the use of terms. Ordinarily a separable controversy appears upon the face of the complaint, a fraudulent joinder upon the face of the petition to remove; but jurisdiction is more important than terminology, and the courts often look beyond the forms and terms employed *517 by the parties to the actual facts, if disclosed by the record. For this reason, as a rule, we have not included in the foregoing list cases where, upon the facts, a fraudulent joinder was the sole ground of upholding removal.
There are a number of cases where removal has been granted on the ground that no cause of action was stated against the resident defendants. In some instances, the holding was that there was a separable controversy with the non-resident defendant, in others, that there was a fraudulent joinder of the resident defendant, since it is a fraud in law upon the jurisdiction of the court to sue the non-resident in a state court and to join with him, as defendants, residents of the state against whom, upon the face of the complaint, no cause of action is stated. These authorities are not applicable to the present case, where concededly a cause of action is stated in her pleadings by appellant against both appellees, the only question being whether such cause of action is several, or whether it is joint or several at the option of appellant.
The above citations are thought to be fairly exhaustive of Supreme Court decisions on the subject. They are authority for the underlying principles herein announced. There are scores of pertinent decisions by other courts, some of which have been reversed or disapproved. Notable is the ruling by Judges Taft and Lurton that the master, liable solely under the doctrine of respondeat superior, cannot be sued jointly with the servant. Warax v. Cincinnati, N. O. & T. P. Ry. Co., C.C., 72 F. 637. This holding is contrary to Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147, and other cases above cited.
There is no distinction in principle between bailor and bailee, lessor and lessee, and master and servant upon the question of joint liability for their several acts of negligence which directly and proximately contribute to the same injury. We have noted that the resident lessor and conductor and non-resident lessee were held jointly liable for death resulting from defective track, defective cars and engine, and negligent operation;[9] and that master and servants were held jointly liable for negligent operation of train, even though the master's liability was statutory and that of the other defendants at common law.[10]
In this case, the bailor is liable for what the bailee did because, in the circumstances, the Georgia law makes him so. An analogy is found in cases where the master is held liable for failure to use due care to select proper and suitable fellow servants. No one can doubt that the master and the negligent fellow servant are jointly liable to a servant injured by a drunken fellow servant knowingly employed and put to work in a state of intoxication. There may be a difference in the duty breached in the two cases, but, if so, it is immaterial for present purposes. Undoubtedly the master breaches a duty to his employees in not supplying suitable fellow servants; and the bailor, who lets a motor vehicle to a drunken driver, breaches a duty to pedestrians and the public generally.
The judgment as to each appellee is reversed, and the cause remanded to the district court with directions to remand the same to the state court.
NOTES
[*] Rehearing denied ___ F.2d ___.
[1] Distinguished in Chicago, Rock Island Ry. Co. v. Martin, 178 U.S. 245, 249, 20 S.Ct. 854, 44 L.Ed. 1055.
[2] By consent of the parties, the cause was removed, and the court, without deciding that there was or was not a separable controversy, declined to hold that the cause was not rightfully transferred, the record being incomplete.
[3] In this case, although a separable controversy was relied on, removal was sustained solely because of a fraudulent joinder.
[4] While removal was denied, the court held that the suit contained a separable controversy.
[5] The negligence charged was defective road-bed, rails, tracks, ties, fences, and cattle guards, which applied to both lessor and lessee (resident and non-resident), defective cars and engine, which applied only to the lessee (non-resident), and negligent operation, which applied to the conductor and his employer, the lessee (resident and non-resident). Removal was sought on the ground of a fraudulent joinder. In its opinion by Mr. Justice Holmes, the court said [page 103]: "The joint liability arising from the fault of the Illinois Central Road gave the plaintiff an absolute option to sue both if he preferred, and no motive could make his choice a fraud."
[6] The negligence charged was that the brakeman failed to turn the switch, the conductor failed to see that the switch was turned, and the engineer, after he got his engine onto the siding, should have known the situation and failed to remedy it. The court held that it made no difference that the liability of the railroad company was statutory and that of the other defendants at common law. This case came up on writ of error to the Georgia Court of Appeals, 3 Ga.App. 410, 59 S.E. 1115, which denied removal sought on the ground of a separable controversy. The United States Supreme Court held that the cause was not separable and could not be removed. A recovery in the Georgia court was affirmed.
[7] Really a case of fraudulent joinder, but illuminating. This was a joint action against the lessor and lessee of a railroad company. The court said [page 464]: "Whatever liability was incurred on account of the death of the plaintiff's intestate could, at the plaintiff's election, be asserted against both companies in one joint action, or, at his election, against either of them in a separate action."
[8] Plaintiff sued the resident and non-resident "as jointly and severally liable."
[9] Ante, note 5.
[10] Ante, note 6.