LOMAX v. FOSTER LUMBER CO. et al.†

(Circuit Court of Appeals, Fifth Circuit. December 14, 1909.)

No. 1,937.

1. REMOVAL OF CAUSES (§ 52*)—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

An action of trespass to try title brought in a Texas court under the statute of that state, in which, as permitted by Rev. St. Tex. 1895, art. 5255, different persons each claiming title to the same tract of land are made parties and answer setting up their respective claims, some of said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied January 4, 1910.

defendants as well as the plaintiff being citizens of the state while others are citizens of another state, does not involve a separable controversy between citizens of different states which render it removable by a nonresident defendant.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 52.*

Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

2. REMOVAL OF CAUSES (§ 106*)—REMAND—WAIVER OF RIGHT.

Where a federal court does not acquire jurisdiction by the removal of a cause, it cannot be conferred by any subsequent proceedings by consent or otherwise.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 106.*]

In Error to the Circuit Court of the United States for the Southern District of Texas.

Action by Annie T. Lomax against the Foster Lumber Company and others. Judgment for defendants, and plaintiff brings error. Reversed.

On October 27, 1906, the plaintiff in error, Annie T. Lomax, filed in the district court of Liberty county, Tex., her original petition against the Foster Lumber Company and the Trinity River Lumber Company. The petition was in the form of trespass to try title, as required by the Texas statutes. On January 10, 1907, she filed in said court her first amended original petition, which is in every respect the same as her original petition, with the exception that, in addition to the Foster Lumber Company and the Trinity River Lumber Company, she complains of and makes parties L. H. Perry and J. B. Mann of Harris county. Tex.

The plaintiff alleged that she resided in Harris county, Tex., and that the defendant the Foster Lumber Company is a corporation duly incorporated under and by virtue of the laws of the state of Missouri, and doing business in the state of Texas under and by virtue of a permit from the state to do business therein, and that the defendant the Trinity River Lumber Company is a corporation duly incorporated under and by virtue of the laws of, the state of Texas, and the plaintiff further shows that it is necessary to make L. H. Perry and J. B. Mann, of Harris county, Tex., parties to this suit, and this plaintiff, now complains of all of the parties above mentioned as defendants herein, and shows the court that the defendants the Foster Lumber Company and the Trinity River Lumber Company have been heretofore duly served with citation, and plaintiff prays for citation for the newly made defendants L. H. Perry and J. B. Mann. This plaintiff shows to the court: That she is the legal owner in fee simple of the tract of land hereinafter fully described. That on or about the 22d day of October, 1906, and long prior to said date, she was in peaceable and adverse possession of said property hereinafter described, using, cultivating, and enjoying the same through her tenant, who was actually occupying the same. That on or about the 22d day of October, 1906, the defendants and each of them unlawfully entered upon said land, and ejected the plaintiff therefrom, and now unlawfully withhold from the plaintiff the possession thereof, to her damage in the sum of $20,000. That the land so unlawfully entered upon by the defendants and now unlawfully withheld from the possession of this plaintiff is described as follows, to wit: Being 1,476 acres of land in Liberty county, Tex., what is known as the David Rankin survey, and the same land that was patented to David Rankin on the 30th day of August, 1849, by patent No. 25, volume 9, which said land is more accurately described by metes and bounds as follows, to wit: Then follows description by metes and bounds. On January 10, 1907, the defendant L. H. Perry filed as an answer in said cause a general demurrer, general denial, and a special plea setting up the fact that he was the owner of one-half of the David Rankin one-third of a league of land, and that his codefendant, the Foster Lumber Company, is the owner of the remaining one-half thereof, and is asserting title

to the entire survey. And he filed a cross-bill against the plaintiff and all his codefendants, praying for judgment for one-half the land and a partition between himself and the Foster Lumber Company. On February 18, 1907, the defendant, John Mann, filed in the district court of Liberty county, Tex., his answer, consisting of a general demurrer and general denial.

On February 18, 1907, the defendant the Trinity River Lumber Company filed in the district court of Liberty county, Tex., its answer, alleging that: "It is not a corporation or a partnership, and that, in fact, it had no legal identity, but that all the property held by it belongs to and is the property of the defendant the Foster Lumber Company, and further represents to the court that it makes no claim to the property sued for, except such as may be held by it for the use and benefit of the Foster Lumber Company, and except for the rights so held it disclaims any interest or title in the land sued for, and asks that the case may be dismissed so far as it is concerned." On February, 18, 1907, the defendant the Foster Lumber Company filed its answer, consisting of a general demurrer, general denial, and plea of the statutes of three, five, and ten years' limitation, and a plea in reconvention, alleging that "it is a corporation organized under the laws of the state of Missouri, and as such is a resident citizen of said last-named state, with authority to take, own, and hold timber and timber lands for the purpose of such organization, and has a permit to do business in the state of Texas with the authority aforesaid; that the plaintiff, Annie T. Lomax, is a resident citizen of the county of Harris, state of Texas; that the value of the property in controversy exceeds the sum of $2,000, exclusive of interest and costs." This defendant further alleges and represents to the court "that it is the owner and entitled to the immediate possession of the property hereinafter described, and that on or about the 13th day of November, 1906, the said plaintiff wrongfully and forcibly took possession of said property and withholds the same from this defendant, and is now wrongfully and unlawfully withholding said possession from this defendant, to its damage in the sum of $5,000. The property so wrongfully taken and withheld from this defendant is described as being 1,476 acres of land in Liberty county, Tex., known as the 'David Rankin survey,' being the whole of said survey, which land was patented to David Rankin by the state of Texas August 30, 1849, by patent No. 25, volume 9, being the same land described by plaintiff in her said petition. Wherefore, premises considered, this defendant demands that said cause be dismissed and it go hence without day, and that judgment be entered decreeing the title and writ of possession in said land in this defendant for the recovery of costs, and for general and special relief."

And on February 18, 1909, the Foster Lumber Company filed in the district court of Liberty county, Tex., its petition and bond for the removal of said cause to the Circuit Court of the United States in and for the Eastern District of Texas at Beaumont, as follows: "In the District Court of Liberty County, Texas. Annie Thompson Lomax v. Foster Lumber Company et al. No. 3977. Petition for Removal. To the Honorable L. B. Hightower, Judge of said Court: Your petitioner, Foster Lumber Company, defendant in the above styled and numbered cause, respectfully shows to this honorable court that the matter and amount in controversy exceeds the sum of two thousand dollars ($2,000.00), exclusive of interest and costs, and said suit is of a civil nature; that the controversy in this suit is, and at the time of the commencement of this suit was, between citizens of different states, and that your petitioner was at the time of the commencement of this suit, and still is, a corporation organized under the laws of the state of Missouri, with its principal office in the city of Kansas City, in said state, and as such is a resident and citizen of the said state of Missouri, and a nonresident of the state of Texas; that the plaintiff, Annie Thompson Lomax, was at the time of the commencement of this suit, and still is, a resident and citizen of the county of Harris, state of Texas, and is and was at the time aforesaid a nonresident of the state of Missouri; that the defendant L. H. Perry was at the commencement of this suit, and still is, a resident and citizen of the county of Harris, state of Texas, and is, and was at the time aforesaid, a nonresident of the state of Missouri; that the defendant J. B. Mann was at the commencement of this

suit, and still is, a resident and citizen of the county of Harris, state of Texas, and is, and was at the time aforesaid, a nonresident of the state of Missouri. Your petitioner further shows to this honorable court that there is in said suit a controversy which is only between citizens of different states, and which can be fully determined as between them, to wit, a controversy between your said petitioner, which avers that it was and is a corporation and citizen as hereinbefore alleged, and the said plaintiff, who your petitioner avers was then and still is a resident and citizen as hereinbefore alleged; that the said controversy is of the following nature: The said plaintiff claims to be the owner of and is herein suing for the title and possession of the property described in her petition, and your petitioner claims to be the owner of and entitled to the possession of the whole of said land, and that your petitioner and the said plaintiff are both actually interested in said controversy, and that your petitioner desires to remove this suit before the trial hereof into the next Circuit Court of the United States to be held ·in and for the Eastern District of Texas at Beaumont. Your petitioner alleges that the defendant called the Trinity River Lumber Company is neither a partnership nor a corporation, and. in fact, has no legal identity, and is only a name by which your petitioner the Foster Lumber Company, conducts a part of its business, and that it in fact is the Foster Lumber Company, and whatever titles or property stands in its name is in fact property of the Foster Lumber Company. The defendant L. H. Perry is in no wise interested in said property or the title or possession thereof with your petitioner, and, if he has any interest, claim, or right in or to said property, such interest, claim, or right is distinct from and independent of the right and title of your petitioner, and any claim or right that he may assert therein is independent and distinct from the controversy existing herein between the plaintiff and this defendant, and any controversy that the said plaintiff may have with L. H. Perry is separate and distinct from the controversy existing in said suit between said plaintiff and your petitioner. The defendant J. B. Mann is in no wise interested in said property or the title or possession thereof with your petitioner, and, if he has any interest, claim, or right in or to said property, such interest, claim, or right is distinct from and independent of the right and title of your petitioner, and any claim or right that he may assert therein is independent and distinct from the controversy existing herein between the plaintiff and this defendant, and any controversy that the said plaintiff may have with J. B. Mann is separate and distinct from the controversy existing in said suit between said plaintiff and your petitioner. Your petitioner therefore avers that this suit is one in which there can be a final determination of the controversy between it and the plaintiff without the presence of any of the other defendants as parties in the cause. Your petitioner offers herewith a bond with good and sufficient security for its entering in the Circuit Court of ·the United States for the Beaumont Division of the Eastern District of Texas on the first day of its next session a copy of the record in this suit, and for paying all costs that may be awarded by said Circuit Court if said court should hold that this suit was wrongfully or improperly removed thereto, and also for its appearing and entering special bail in said suit if special bail was originally requisite therein. And your petitioner prays this honorable court to proceed no further except to take the order of removal required by law, and to accept the said surety and bond, and to cause the record herein to be removed into said Circuit Court of the United States in and for the Eastern District of Texas at Beaumont, and it will ever pray."

On February 21, 1907, the plaintiff below filed in the district court·of Liberty county, Tex., an answer and exceptions to the sufficiency of the petition of the Foster Lumber Company for the removal of said cause to the Circuit Court of the United States, and in said answer pointed out why said cause should not be removed. On February 21, 1907, the defendant L. H. Perry filed in the district court of Liberty county, Tex., a reply to the petition of the Foster Lumber Company to remove said cause to the federal court, setting up and pointing out to said court the reasons why said cause should not be removed, and objecting to the removal thereof. On the 28th day of February, 1907, the district court of Liberty county, Tex., entered an order directing the removal

of said cause from said court to the Circuit Court of the United States in and for the Eastern District of Texas. On April 1, 1907, the plaintiff in error, Annie T. Lomax, filed a motion in the Circuit Court for the Eastern District of Texas, to remand said cause to the District Court of Liberty county, Tex., and on April 2, 1907, the defendant L. H. Perry filed a like motion to remand. Thereafter, by an agreement of counsel representing the plaintiff and each of the defendants, the cause was transferred from the Circuit Court of the Eastern District of Texas at Beaumont to the Circuit Court of the Southern District of Texas, at Houston, Tex. On November 16, 1908, the cause was called for trial in the Circuit Court of the United States for the Southern District of Texas at Houston, Tex., and was tried by jury, who returned the following verdict: "We, the jury, find for the defendants."

The trial court on this general verdict, and without submitting the issue to the jury, found that the defendant the Foster Lumber Company "is entitled to recover the title and possession of the land in controversy from John Mann and Trinity Lumber Company," and on this finding rendered judgment in favor of said defendant Foster Lumber Company against the plaintiff and the above-mentioned defendants on the cross-bill filed herein by said defendant for the 1,476 acres of land involved in this suit. Before the submission of this controversy to the jury, it was agreed in open court by the Foster Lumber Company and the defendant L. H. Perry that the issue between the last-named parties should be submitted to a determination by the court without the intervention of a jury on the evidence offered in the case, and that for the determination of those issues a trial by jury was expressly waived. The trial court found in favor of the defendant the Foster Lumber Company and against the defendant L. H. Perry on the issues between them, and especially found that A. J. Butler, the grantor of L. H. Perry, obtained no vested right or title to the land in controversy or any part thereof by virtue of the power of attorney given by John J. Rankin to said Butler dated January 13, 1888, and recorded in volume H, p. 398, of the Deed Records of Liberty County, Tex., and the deed from said A. J. Butler to the defendant L. H. Perry, dated December 3, 1906, conveyed no title to the last-named defendant, and it was agreed that L. H. Perry take nothing by his reconvention against the defendant the Foster Lumber Company, and that the defendant the Foster Lumber Company recover against L. H. Perry on his plea and reconvention the title and possession of said land. After this verdict the plaintiff in error renewed her motion to remand the cause to the district court of Liberty county for the reason that the federal court has no jurisdiction thereof.

The trial court overruled said motion by the following order, to wit: "In the United States Circuit Court for the Southern District of Texas, at Houston. Annie Thompson Lomax v. Foster Lumber Company et al. No. 155 C. L. On this the 21st day of November A. D. 1908, came on to be heard the plaintiff's motion to remand the above entitled and numbered cause to the Ninth Judicial District Court of Liberty county, Tex., that being the court in which said cause was by the plaintiff originally filed, and it appearing to the court that a motion to remand said cause had been previously made by the plaintiff while the same was pending in the United States Circuit Court for the Eastern District of Texas, at Beaumont, and was by said court overruled, and it further appearing to the court that the motion to remand said cause was not renewed by the plaintiff in this court until after the verdict of the jury was rendered in said cause, it is therefore ordered that said motion be, and the same is, hereby overruled. To which action of the court in overruling said motion the plaintiff, Annie Thompson Lomax, then and there in open court excepted." The plaintiff in error deraigned title through the wife and heirs of the David Rankin, who died in Gonzales county, Tex., in 1885. The Foster Lumber Company deraigned title through and from the David Rankin, who lived in Harris county, Tex., and died about 1860. L. H. Perry claimed title through and from the David Rankin, who died in Harris county, Tex. The record does not show with which David Rankin John Mann aligned himself, and he has made no appearance in this court.

The plaintiff below, Annie T. Lomax, sued out this writ of error, bringing all parties before this court.

Jacob C. Baldwin, for plaintiff in error.

F. D. Minor, Newton C. Abbott, and J. F. Dabney, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). The paramount question is the jurisdiction of the Circuit Court through the removal of the suit from the state court. The statutory action of "trespass to try title" was brought by the plaintiff in error in the district court of Liberty county, Tex., to recover one certain tract of land in said county, the David Rankin survey, patented August 30, 1849. By article 5255, Rev. St. Tex. 1895, controlling proceedings in such actions:

"The plaintiff may join as a defendant with the person in possession any other person who, as landlord, remainderman, reversioner or otherwise, may claim title to the premises or any part thereof adversely to the plaintiff."

Under the right thus given, the plaintiff, a citizen of Hill county, Tex., joined as defendants with the Foster Lumber Company a corporation duly incorporated by virtue of the laws of Missouri, the Trinity River Lumber Company, alleged to be a corporation duly incorporated under and by virtue of the laws of the state of Texas with a main office in Harris county, Tex., and L. H. Perry and J. B. Mann, both of Harris county, Tex.

An inspection of the original petitions in connection with the petition for removal shows clearly that the case was not removable solely on the ground of diverse citizenship. If the case was removable at all, it was under that provision of section 1, judiciary acts of 1887 and 1888 (Act March 3, 1887, c. 373, 24 Stat. 552; Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509]), and which reads:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove such suit into the Circuit Court of the United States for the proper district."

The question then is whether the petition for removal filed by the Foster Lumber Company in connection with the pleadings then on file in the state district court shows a separable controversy within the meaning of the statute above quoted.

The status of the Trinity River Lumber Company in this case is important as well as peculiar. Its answer is to the effect that it was neither a corporation nor partnership, had no legal identity, all its property belongs to the Foster Lumber Company, and, except for the rights held for the Foster Lumber Company, disclaims any interest or title to the land sued for, and asks to be dismissed. The petition for removal says that the Trinity River Lumber Company is neither a partnership nor corporation, and, in fact, has no legal identity, and is only a name by which the Foster Lumber Company conducts a part of its business, and that, in fact, it is the Foster Lumber Company, and whatever titles or property stands in its name is in fact property of the Foster Lumber Company. The Trinity River Lumber Company

was not dismissed from the case, but (represented by counsel) continued therein until the final trial, and then judgment was specifically rendered in favor of the Foster Lumber Company against it, and it is a defendant in error in this court. If we take its answer, it has no legal identity, which may mean no capacity to sue or be sued, but it holds property for the Foster Lumber Company and it makes no full disclaimer. By the petition for removal the Trinity River Lumber Company has no identity, but is a business name for and it is the Foster Lumber Company. If these claims for the Trinity River Lumber Company are true, it is difficult to understand why it was not dismissed from the case. If the Trinity River Lumber Company was an entity, capable of being sued, then it was a proper party and its qualified disclaimer would not take it out of the case; and with it in the case, in the attitude given it by the petition for removal, there was clearly no separable controversy.

The defendant Perry was a proper party to the suit. In his answer, filed in the state court prior to the petition for removal, he claims that he owns one-half of the land in controversy, and that the Foster Lumber Company owns the other half, and asks judgment against the plaintiff and his codefendant, the Foster Lumber Company. As to Perry, the petition for removal denies his interest with the petitioner, asserts that, if he has any interest, it is distinct and independent from the controversy between the plaintiff and petitioner. And as to Mann the same averments are made, but Mann pleads only the general issue, and we cannot say under which Rankin or against which parties other than the plaintiff he claims. If Perry's answer controls as to interest and attitude, then, as between the plaintiff below and the Foster Lumber Company, there was no separable controversy.

The petition for removal avers that in the suit there is a controversy between citizens of different states—i. e., the plaintiff and petitioner—which can be fully determined between them without the presence of other parties, but this is a conclusion of the petitioner not borne out by the record. And so it seems that neither in the pleadings in the state court prior to the petition for removal nor in the petition for removal in connection therewith can we find a separable controversy within the meaning of section 1 of the acts of 1887 and 1888 warranting the removal of this case to the Circuit Court. If we look to the entire record before us and into the case as actually tried in the court below, we find that the only separable controversy in the case was between the Foster Lumber Company and defendant Perry, in which trial by jury was waived and the separate issue tried by the court. As the suit brought by the plaintiff in error was an action of trespass to try title under the Texas statute wherein the recovery of one tract only was involved and wherein the plaintiff under the state statute could join all parties who claimed adverse interests as defendant, it is doubtful whether any defendant or defendants could under any circumstances make out a case of separable controversy therein which would warrant removal of the case to the Circuit Court of the United States.

In Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528, which was a case arising under the more liberal judiciary act of 1875

(Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508]), the Supreme Court said:

"By section 2 of that act, as heretofore construed by this court, whenever, in any suit of a civil nature in a state court, where the matter in dispute exceeds the sum or value of $500, 'there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them,' any one of those interested in that controversy may remove the whole case into the Circuit Court of the United States. 18 Stat. 470, 471; Barney v. Latham, 103 U. S. 205 [26 L. Ed. 514]; Brooks v. Clark, 119 U. S. 502 [7 Sup. Ct. 301, 30 L. Ed. 482]. But, in order to justify such removal, on the ground of a separate controversy between citizens of different states, there must by the very terms of the statute be a controversy 'which can be fully determined as between them'; and by the settled construction of this section the whole subject-matter of the suit must be capable of being finally determined as between them and complete relief afforded as to the separate cause of action without the presence of others originally made parties to the suit. Hyde v. Ruble, 104 U. S. 407 [26 L. Ed. 823]; Corbin v. Van Brunt, 105 U. S. 576 [26 L. Ed. 1176]; Fraser v. Jennison, 106 U. S. 191 [1 Sup. Ct. 171, 27 L. Ed. 131]; Winchester v. Loud, 108 U. S. 130 [2 Sup. Ct. 311, 26 L. Ed. 677]; Shainwald v. Lewis, 108 U. S. 158 [2 Sup. Ct. 385, 27 L. Ed. 691]; Ayres v. Wiswall, 112 U. S. 187 [5 Sup. Ct. 90, 28 L. Ed. 693]; Fidelity Ins. Co. v. Huntington, 117 U. S. 280 [6 Sup. Ct. 733, 29 L. Ed. 898]; Graves v. Corbin, 132 U. S. 571 [10 Sup. Ct. 196, 33 L. Ed. 462]; Brown v. Trousdale, 138 U. S. 389 [11 Sup. Ct. 308, 34 L. Ed. 987]. As this court has repeatedly affirmed, not only in cases of joint contracts, but in actions for torts, which might have been brought against all or against any one of the defendants, 'separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' Louisville & Nashville Railroad v. Ide, 114 U. S. 52, 56 [5 Sup. Ct. 735, 737 (29 L. Ed. 63)]; Pirie v. Tvedt, 115 U. S. 41, 43 [5 Sup. Ct. 1034, 1161, 29 L. Ed. 331]; Sloane v. Anderson, 117 U. S. 275 [6 Sup. Ct. 730, 29 L. Ed. 899]; Little v. Giles, 118 U. S. 596, 601, 602 [7 Sup. Ct. 32, 30 L. Ed. 269]; Thorn Wire Hedge Co. v. Fuller, 122 U. S. 535 [7 Sup. Ct. 1265, 30 L. Ed. 1235]."

In Bellaire v. Baltimore & O. R. Co., 146 U. S. 117, 13 Sup. Ct. 16, 36 L. Ed. 910, a case arising under the act of 1887 now in force—Torrence v. Shedd—was cited with approval. In Wilson v. Oswego Township, 151 U. S. 67, 14 Sup. Ct. 264 (38 L. Ed. 70), the court, quoting from Torrence v. Shedd, reiterates:

"By the settled construction of this section referring to separable controversies the whole subject-matter of the suit must be capable of being finally determined as between them (the parties seeking removal), and complete relief afforded as to the separate cause of action without the presence of others originally made parties to the suit."

In Powers v. Chesapeake & O. Railway Co., 169 U. S. 97, 18 Sup. Ct. 265 (42 L. Ed. 673), in which the question of separable controversy giving the right to remove was involved, the court, citing numerous authorities, said:

"It is well settled that an action of tort which might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up dif-

ferent defenses from the other defendants, and allege that they are not joint-ly liable with them, and that their own controversy with the plaintiff is a sep-arate one; for, as this court has often said, a defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A sep-arate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is for all the purpos-es of the suit whatever the plaintiff declares it to be in his pleadings."

For a full review of the adjudicated cases on the subject, see Moon on Removal of Causes, § 138 et seq. As this present case was wrong-fully removed from the state court to the Circuit Court for the East-ern District of Texas, that court was without jurisdiction and no sub-sequent proceedings by consent or otherwise could give jurisdiction, and it follows that the Circuit Court for the Southern District of Texas, to which by consent the case was removed for convenience of trial, was without jurisdiction in the premises.

The judgment of the Circuit Court is reversed and the cause is re-manded, with instructions to remand the same to the district court of Liberty county, Tex., all at the costs of the Foster Lumber Com-pany.