## KELLY v. ALABAMA–QUENELDA GRAPHITE CO. et al.

District Court, N. D. Alabama, E. D.
October 2, 1929.

No. 50.

Pruett & Glass, of Ashland, Ala., and Edgar Allen and Ray J. Emmerson, both of Birmingham, Ala., for plaintiff.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, Ala., for defendants.

CLAYTON, District Judge· The bill was originally brought by plaintiff Kelly against the Alabama-Quenelda Graphite Company, a corporation of Delaware, as sole defendant, in the circuit court of Clay county, Ala., on July 27, 1929. The bill was amended, retaining the Alabama-Quenelda Graphite Company as a defendant and making John L. Senior, Francis P. Butler, John W. Esmond, and William H. Wildes, citizens and residents of Chicago, Ill., defendants, under date of August 17, 1929. The cause was removed on timely application by the Alabama-Quenelda Graphite Company to this court on August 24, 1929. The plaintiff Kelly made application to remand the cause to the state court, and upon this motion the cause is now submitted for decretal order.

The prayer of the bill, as amended, among other things, is for the appointment of a receiver to take charge and control of all the assets, business, and affairs of the graphite company; that "J. L. Jackson, Trustee, be divested of his power and authority under said illegal and pretended trust deed, and said deed be set aside and held for naught; that the respondents, John L. Senior, Francis P. Butler, John W. Esmond and William H. Wildes be directed to return to the corporation or the receiver all the stock that they have received from the corporation as a bonus for the loans set out in said bill, together with all the bonds that they illegally hold as security for said loans, and to propound whatever claims they have against the corporation in this Court," etc.

It is questioned whether or not the mat-

ter in dispute is sufficient in amount to give the federal court jurisdiction of the cause. I think that the subject-matter involved in the controversy is sufficient to give this court jurisdiction, for the amount in dispute is the value of the property and assets of the defendant corporation, which the bill seeks to have administered by the court.

In some aspects Taylor v. Decatur Mineral Land Co. (C. C.) 112 F. 449, is analogous to the instant case. See also Towle v. Society (C. C.) 60 F. 131; Putnam v. Carpet Co. (C. C.) 79 F. 454; Gibson v. Shufeldt, 122 U. S. 27, 7 S. Ct. 1066, 30 L. Ed. 1083; Handley v. Stutz, 137 U. S. 366, 11 S. Ct. 117, 34 L. Ed. 706.

■ It is urged by the plaintiff that all parties who are made defendants in the amended bill, and who have not been served with summons, must join in the petition for removal or else the cause must be remanded. I think the weight of authority, especially the opinions in recent cases, sustains the rule that the defendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings, and that the defendant who has been summoned must of necessity be allowed to exercise its right of removal. Hunt v. Pearce (C. C. A. 8th Circuit) 284 F. 321; 11 Ann. Cas. 963; 23 R. C. L. 732; Tremper v. Schwabacher (C. C.) 84 F. 413; Bowles v. H. J. Heinz Co. (C. C.) 188 F. 937; Hunt v. Pearce (D. C.) 271 F. 498, affirmed (C. C. A.) 284 F. 321; Community Bldg. Co. v. Md. Cas. Co. (C. C. A.) 8 F.(2d) 678.

■ In the oral argument it was insisted that the graphite company could preserve its right of removal by timely filing its petition to remove, and that it, the sole original defendant, was required to let the cause remain without action in the state court until the other defendants brought in by amendment were properly before the state court, in order to ascertain whether or not they cared to join in the petition for removal. To this, it seems to me that a twofold answer must be made: First, the other defendants may not, and it seems probable will not ever, be before the state court; that is, they may never be subject to its jurisdiction. And, second, the case stands removed immediately upon the filing of the proper petition and bond. The state court approved the bond and made the order of removal upon the application of the graphite company. As I understand the law, the removability of the case depends upon the state of the record at the time of the filing of petition for removal. The right of removal is of that time, and nothing which occurs thereafter can add to or subtract from that right.

■ It was suggested in the argument that some of the defendants sought to be brought in by amendment had received notice of the amendment by registered mail before the filing of the removal petition, and that such defendants should have joined in the petition. But the test is not whether a defendant who does not join in the petition has received notice of the suit, but rather whether such defendant is before the court, whether the state court has acquired jurisdiction over the person of such defendants. It seems plain that the service of notice by registered mail on a nonresident individual who has no property within the jurisdiction of the state court cannot operate to give the state court jurisdiction over such nonresident individual.

■ I do not think that the case of Brown v. Trousdale, 138 U. S. 389, 11 S. Ct. 308, 34 L. Ed. 987, cited by the plaintiff, has any proper bearing upon the question here. And I entertain the same opinion of the reference to Simkins, "A Federal Suit," etc., p. 813, and the authorities there cited. It is also my opinion that the Alabama statute, sections 9446, 9447, and 9451, Code of Ala. 1923, has no binding force upon this court, for the independent equity jurisdiction of the federal courts cannot be controlled, limited, or hampered by state statutes or the rulings of state courts, though in some instances the reasoning of decisions by state courts may be persuasive.

The conclusion is that the motion to remand must be denied. Order to that effect is entered.