### ESSENKAY CORPORATION v. MANGEL STORES CORPORATION et al.

District Court, S. D. New York.
Sept. 15, 1932.

Rabenold & Scribner, of New York City (Charles E. Scribner, of New York City, of counsel), for plaintiff.

Rosenberg, Goldmark & Colin, of New York City (Godfrey Goldmark, of New York City, of counsel), for defendant Mangel Stores Corporation.

Limburg, Riegelman, Hirsch & Hess, of New York City (Harry F. Mela, of New York City, of counsel), for defendant Legnam Corporation.

PATTERSON, District Judge.

The plaintiff, a contract creditor, brought a suit in equity in the New York Supreme Court to follow property of the debtor said to have been transferred in fraud of creditors. The debtor and the transferee were made parties defendant. The complaint alleged that the debtor was without assets of any value, and that a judgment against it would be futile. The defendants removed the case to this court on the ground of diversity of citizenship. The plaintiff has moved to remand the case to the state court, upon two grounds: First, that the suit is not one of which the federal courts have jurisdiction, and, second, that the matter in controversy does not exceed the value of $3,000.

1. The familiar rule is that a court of equity will give relief against a fraudulent conveyance only to a judgment creditor. In New York the rule has recently been relaxed by statute. Now a mere contract creditor may obtain equitable relief in the New York courts. Debtor and Creditor Law, art. 10, § 270 et seq. (Laws 1925, c. 254); American Surety Co. of New York v. Conner, 251 N. Y. 1, 166 N. E. 783, 65 A. L. R. 244. State legislation permitting a creditor without judgment to get equitable relief against a fraudulent conveyance, however, has no effect upon the equitable power of the federal court. The rule here still is that the creditor must be a judgment creditor. Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358; see Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 457, 67 L. Ed. 763. It is therefore clear that the complaint here states a good case for equitable relief in the state courts, but does not state a good case for equitable relief in the federal courts. Does this fact render the case a nonremovable one and require that the motion to remand be granted?

On general principles the conclusion must be that the case is nevertheless removable and should not be remanded. It is settled that the failure of a creditor to have obtained judgment before seeking equitable relief of a sort generally available only to judgment creditors is a matter that may be waived by the defendant. In case of such waiver, the suit may be proceeded with to the same extent and with the same effect as if it had been commenced by a judgment creditor. Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113; In re Reisenberg (In re Metropolitan Railway Receivership), 208 U. S. 90, 28 S. Ct. 219, 52 L. Ed. 403; see Pusey & Jones Co. v. Hanssen, supra. This can mean only that such a suit by a contract creditor, though defective in the absence of waiver by the defendant, is within the jurisdiction of the federal courts, for nothing is better settled than the rule that jurisdiction cannot be conferred on those courts by consent or waiver of the parties where otherwise they could not have jurisdiction. Cutler v. Rae, 7 How. 729, 8 How. 615 Appx., 12 L. Ed. 890, 1221; Byers v. McAuley, 149 U.

S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 S. Ct. 598, 48 L. Ed. 870. The situation as to a bill by a nonjudgment creditor in a case of this type was explained by Mr. Justice Brandeis in the Pusey & Jones Case, supra: "The objection that the bill does not make a case properly cognizable in a court of equity does not go to its jurisdiction as a federal court." The same distinction has been pointed out in many other cases. See Illinois Central R. Co. v. Adams, 180 U. S. 28, 21 S. Ct. 251, 45 L. Ed. 410; Venner v. Great Northern R. Co., 209 U. S. 24, 33–35, 28 S. Ct. 328, 52 L. Ed. 666; Twist v. Prairie Oil & Gas. Co., 274 U. S. 684, 47 S. Ct. 755, 71 L. Ed. 1297.

■ These principles are fully as applicable to a removed case as to a case originally brought in the federal court between citizens of different states. Under the Removal Act (Jud. Code § 28, 28 USCA § 71), "any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction," may be removed by nonresident defendants. By this statute, the test of removability is whether the United States court would have had jurisdiction of the suit if it had originally been brought in that court. Mexican National R. Co. v. Davidson, 157 U. S. 201, 15 S. Ct. 563, 39 L. Ed. 672; Cochran v. Montgomery County, 199 U. S. 260, 26 S. Ct. 58, 50 L. Ed. 182, 4 Ann. Cas. 451. It would seem to be a necessary consequence from the views expressed by the Supreme Court in the Brierfield, Metropolitan and Pusey & Jones Cases that the present suit is one of which the federal courts have jurisdiction, and that the motion to remand should be denied.

The plaintiff presses Cates v. Allen, 149 U. S. 451, 13 S. Ct. 883, 37 L. Ed. 804, as an authority squarely in its favor, and it must be conceded that the argument has force. There contract creditors brought suit in the state court for relief against a fraudulent transfer. By a state statute a mere contract creditor might bring such a suit. The plaintiffs removed the case to the federal court, under a removal statute then in force which allowed a plaintiff as well as a defendant to remove, and thereafter the defendants moved to dismiss the bill. It was held, Chief Justice Fuller writing the opinion, that the state statute could not broaden the equitable jurisdiction of the federal courts, that a contract creditor could not get equitable relief against a fraudulent transfer,

and that the case should be remanded to the state court rather than be dismissed. There is no doubt that in the view of Chief Justice Fuller the United States courts simply had no jurisdiction of such a case, and it therefore was not a removable case. While Cates v. Allen has usually been cited on other points than the one of remand, it has been followed to some extent even as to want of jurisdiction and remand. First National Bank v. Prager (C. C. A.) 91 F. 689; Mathews Slate Co. v. Mathews (C. C.) 148 F. 490. But this theory that there is a total lack of jurisdiction in the United States courts in such a case has not been adhered to by the Supreme Court in the later cases. See Hollins v. Brierfield Coal & Iron Co., supra; In re Metropolitan Railway Receivership, supra; Pusey & Jones Co. v. Hanssen, supra; McLaughlin v. Western Union Tel. Co. (D. C.) 7 F.(2d) 177, 183. As already observed, the view now prevalent is that the federal courts have jurisdiction of a suit by a contract creditor for equitable relief by way of receivership or against a fraudulent conveyance, despite the fact that the bill on its face does not make a case in which equity will give relief. For these reasons I do not regard Cates v. Allen as requiring the remand of the present case. I am mindful of the fact that the Cates Case was cited on this point in Twist v. Prairie Oil & Gas. Co., 274 U. S. 684, 690, 47 S. Ct. 755, 71 L. Ed. 1297, but it seems to me that the Twist Case affirms rather than denies the jurisdiction of the federal court in this suit.

On the assumption that Cates v. Allen is still recognized on the point of lack of jurisdiction and remand, it is nevertheless quite clear that the rule of that case does not apply where the defendant has waived the objection that the plaintiff is a mere contract creditor. Closser v. Strawn (D. C.) 227 F. 139; Finney v. Continental Baking & Milling Corporation (D. C.) 17 F. (2d) 107. In such a case there is no flaw in the equitable jurisdiction of the federal court, and the plaintiff may obtain here the same measure of equitable relief as in the state courts. His bill cannot be dismissed later because he had not acquired the status of a judgment creditor before commencing the suit. In the present case the defendants state in their brief that they have waived the objection. It is arguable that the removal of the case to this court constitutes a waiver by the defendants (see Finney v. Continental Baking & Milling Corporation,

supra); but in any event the express statement by the defendants to the effect that they have waived the point that the plaintiff has not exhausted its legal remedy is a waiver sufficient to foreclose them from raising the point at a later stage of the suit.

2. As a further ground for remand, the plaintiff urges that the matter in controversy does not exceed the sum or value of $3,000. The complaint shows that the plaintiff's claim arose through its having leased real estate to the debtor defendant for a twenty-year term at an annual rent of $27,500, and that the debtor defaulted in the monthly rent due July 1, 1932, in the amount of $2,459.17. It is alleged that the debtor in June, 1932, had transferred its assets to the other defendant with intent to hinder, delay, and defraud the plaintiff in the collection of rent to become due. The relief demanded is, it be declared that the debtor defendant is obligated for the installments of rent and other sums as they mature and is now indebted for $2,459.17, that the transfers be set aside, that the defendant transferee hold the assets transferred to it subject to the payment of all sums due and to become due to the plaintiff, and that a receiver be appointed.

The matter in controversy then is the plaintiff's right to charge the assets transferred with a liability amounting to rent for the entire term. The item of $2,459.17 overdue represents only a trifling part of the amount in dispute. It seems plain that the controversy concerns more than $3,000. See Brown v. Trousdale, 138 U. S. 389, 11 S. Ct. 308, 34 L. Ed. 987; Black v. Jackson, 177 U. S. 349, 20 S. Ct. 648, 44 L. Ed. 801; Hunt v. New York Cotton Exchange, 205 U. S. 322, 27 S. Ct. 529, 51 L. Ed. 821.

The motion to remand the case to the New York Supreme Court will accordingly be denied.