**METCALF et al. v. BARDO COAL CO. et al.**

No. 22.

District Court, E. D. Kentucky.

June 26, 1939.

Cleon K. Calvert, of Pineville, Ky., for plaintiffs.

Thomas C. Townsend, of Charleston, W. Va., Golden & Lay, of Pineville, Ky., and J. B. Snyder, of Harlan, Ky., for defendants Black Mountain Corporation and Perkins-Harlan Coal Co.

William Sampson, of Harlan, Ky., for other defendants.

**2**

FORD, District Judge.

Upon the petition of two out of thirty four defendants, this case was removed to this Court from the Circuit Court of Harlan County, Kentucky, on the sole ground that it is a suit of a civil nature arising under the constitution and laws of the United States of which the District Courts of the United States are given original jurisdiction. Judicial Code, § 28, 28 U.S.C.A. § 71.

The plaintiffs and nine of the defendants have filed motions to remand on the ground that the removal, at the instance of only two of the thirty four defendants, is not authorized by the applicable provisions of the Statute.

In order to accomplish the removal of a suit from a State Court to a Federal Court on the ground that it involves a substantial federal question, all defendants must join in the application for removal, unless there is in the suit "a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." Judicial Code, § 28, 28 U.S.C.A. § 71. Chicago, R. I. & P. R. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Bailen v. Deitrick, 1 Cir., 84 F.2d 375.

The petitioners for removal are the defendants Black Mountain Corporation, which is a corporation organized and existing under the laws of the State of Virginia, and Perkins-Harlan Coal Company, a Kentucky corporation. The removal is sought to be sustained only by the Black Mountain Corporation upon the theory that there is in the suit a separate and distinct controversy as between it and the plaintiffs and, since diversity of citizenship exists as between them, its application alone is sufficient to sustain removal of the case as a separable controversy within the meaning of the Statute. Thus the only question for determination is whether the suit contains a separable controversy as between the plaintiffs and the non-resident defendant, Black Mountain Corporation.

It appears from the petition that this is a suit by four citizens of Harlan County, Kentucky against thirty four corporations (many of which are Kentucky corporations) engaged in the business of mining bituminous coal in Harlan and Bell Counties, seeking to enjoin all the defendants from executing, entering into, enforcing or carrying out a certain particular provision embodied in contracts alleged to have been already entered into by some defendants and about to be entered into by others with a single labor union. The provision is as follows: "It is agreed that as a condition of employment, all employees shall be members of the United Mine Workers of America except in those exempted classes of employment, as provided in this contract."

It is alleged that none of the plaintiffs are within any exempt classification of employment referred to; that they are not members of the labor union nor do they desire or intend to become such members; that by choice, education and experience, each of them has fitted himself to engage exclusively in the occupation of coal mining and all are now so engaged in the mines operated by some of the defendants in Harlan and Bell Counties, and that they are each wholly and totally unfitted to follow any other occupation; that substantially all other producers of bituminous coal throughout the United States have entered into agreements containing the same provision and, consequently, if these defendants enter into and carry out such contract, the effect is and will be to arbitrarily deprive the plaintiffs of the right to work and labor in the pursuit of the only calling and profession in which they are able to engage; to deny them the exercise of freedom of will as to whether they shall or shall not affiliate with a labor union; to bring about their discharge from present employment leaving them entirely without ability to secure employment in the only line of work for which they are fitted, thereby causing them to suffer irreparable loss and damage and to be deprived of their liberty and property in violation of both the state and federal constitutions.

They further claim that certain provisions of the Act of Congress, known as the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., are illegal and void and in conflict with the constitution of the United States and of the State of Kentucky.

In considering questions with reference to the removal of causes, the Supreme Court has many times found occasion to repeat that "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. * * * The cause of action is the subject-matter of the controversy, and that is for all the purposes of

the suit, whatever the plaintiff declares it to be in his pleadings." Torrence v. Shedd, 144 U.S. 527, 12 S.Ct. 726, 727, 36 L.Ed. 528; Chicago, R. I. & P. Ry. Co. v. Martin, supra.

The relief sought in this action is not to settle the rights of the plaintiffs as against the defendant Black Mountain Corporation, or any other single defendant, but the object is much more comprehensive. It is to determine the validity of a single contract provision common to and governing all defendants alike in their labor relations and to prevent and abate the results flowing from a series of acts in which all of the defendants are equal participants with a single labor union, the concurrent effect and combined result of which will produce or bring about a general labor condition in the community where plaintiffs live and work, which, they allege, will deprive them of constitutional rights.

The distinction between this character of action and one in which there is an entirely separate controversy between the · plaintiffs and the particular defendant petitioning for removal, such as that illustrated in the cases upon which the removing defendant relies, of which Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514, is typical, seems quite obvious. The distinction is pointed out in Graves v. Corbin, 132 U.S. 571, 10 S.Ct. 196, 33 L.Ed. 462.

Testing this case solely by the plaintiffs' pleadings, and accepting it to be such as the plaintiffs have declared it to be, there is but one indivisible cause of action to which all of the defendants are necessary parties. To fully determine the controversy presented by the plaintiffs' pleadings requires the presence of all of the defendants, for the question constituting the subject matter of the controversy is common to all of them. Fraser v. Jennison, 106 U.S. 191, 1 S.Ct. 171, 27 L.Ed. 131. The non-removing defendants are interested in the whole controversy in the same way and to the same extent as the defendant who seeks removal. Shainwald v. Lewis, 108 U.S. 158, 2 S.Ct. 385, 27 L.Ed. 691.

Plaintiffs are attacking the validity of a common design on the part of the defendants to the accomplishment of which all defendants contribute. Such a case is not susceptible of separation into parts. See Brown v. Trousdale, 138 U.S. 389, 11 S.Ct. 308, 34 L.Ed. 987; Graves v. Corbin, supra.

The merits of plaintiffs' claims in law or in fact are not here open for consideration. The challenged right of removal calls only for an appraisal of the case as declared upon the pleadings. As thus disclosed the cause of action asserted looks to the vindication of rights against a composite plan of which the individual acts of the several defendants are merely component parts. "The defendants perform different parts in the same drama, but it is still one piece—one entire performance marked by different scenes."

As thus viewed, the case does not present a separable controversy which can be fully determined as between the plaintiffs and the non-resident defendant, Black Mountain Corporation. Hence, the removal from the State Court is and was unauthorized.

The motion to remand must be sustained.